## STATE OF NORTH DAKOTA v. NETTIE RILEY.

(144 N. W. 107.)

**Criminal complaint — charging clause — continuous like offenses from day to day — different offenses — filing during court session.**

     1. A criminal complaint charging an offense as having been committed continuously since the 1st day of January, 1911, and at sundry and divers

times between that date and the 27th day of June, 1911, and an informa-
tion charging the same defendant with having committed an offense of the
same nature, from day to day continuously, from the 1st day of January,
1911, to the commencement of this action, which action was commenced by
the filing of the information during a regular session of the district court,
and on the 7th day of September, 1911, charge different offenses.

**Common nuisance — information — filed during session — preliminary examination — conviction.**

2. An information charging a defendant with keeping and maintaining a
common nuisance continuously from day to day, from the 1st day of January, 1911, to the 7th day of September, 1911, and filed in district court during a regular session of such court, on the 7th day of September, will support
a conviction without a preliminary examination having been held.

**Common nuisance — information — charging continuing acts — not separate offenses.**

3. A criminal information which states that, on the 27th day of June, 1911,
and continuously from day to day, from the 1st day of January, 1911, to the
commencement of this action, the defendant did commit the crime of keeping
and maintaining a common nuisance, does not charge two separate and distinct offenses. The allegation as to the 27th day of June, which is a day included within the extreme dates, is surplusage.

**Affidavit of prejudice — trial judge — jurisdiction.**

4. A defendant charged with a criminal offense filed an affidavit of prejudice
during a regular term of the district court wherein she was arraigned,
against the presiding judge of that district, and demanded that a judge of
another district be requested to preside at the trial. The presiding judge
secured the attendance of the judge of another district within five days from
the date of the filing of such affidavit of prejudice, and the proceedings against
the defendant were then resumed by the nonresident judge. *Held*, that he had
jurisdiction to try the defendant for the offense charged.

**Resident judge — affidavit of prejudice — courts — holding session in another county — jurisdiction — validity of proceedings.**

5. On the filing of an affidavit of prejudice against the resident judge of the
district, he immediately secured the attendance of the judge of another district, who presided at the trial of the defendant, charged with the commission of a criminal offense. The term during which the affidavit was filed,
and at which the trial took place, commenced in accordance with statute on
the first Tuesday in February, 1913, and court continued in session until the
21st day of February, 1913. While the defendant was being tried, the resident judge conducted a trial in another county of the same district, pursuant
to an adjournment of the regular term of such district, which commenced as
fixed by law on the first Tuesday in January, 1913. Without passing upon

the validity of proceedings in the latter district, it is *held* that the first named court had jurisdiction to try the defendant, notwithstanding the absence of the resident judge of the district, and his being engaged in the trial of an action in another county in the same district.

**Verdict — sentence — timely — adjournment of court — presumption — absence of objection or showing.**

6. Sentence was pronounced upon the defendant in a criminal action the next day after the return of a verdict of guilty. *Held*, that, in the absence of any showing in the record on appeal that the judge did not intend to or did not adjourn court within two days, and no objection based on the judgment being prematurely pronounced, having been made in the trial court, on appeal it will be presumed in support of such judgment, that the judge intended to or did adjourn court, before the second day after the return of the verdict.

Opinion filed November 20, 1913.

Appeal from a judgment of the District Court of Sargent County, *Hon. Charles M. Cooley,* Special Judge.

Affirmed.

*J. A. Dwyer,* for appellant.

The complaint and the information charge two distinct, separate offenses, and the motion to set aside the information should have been granted. State v. Winbauer, 21 N. D. 161, 129 N. W. 97.

No order of the magistrate as to his finding upon the examination is indorsed on the complaint, or entered in his docket. One or the other is essential. State v. Rozum, 8 N. D. 556, 80 N. W. 477; State v. O'Neal, 19 N. D. 426, 124 N. W. 68.

Court for a given district composed of a number of counties cannot be held in two or more of such counties at the same time. Tippy v. State, 35 Neb. 368, 53 N. W. 208; Dunn v. State, 2 Ark. 229, 35 Am. Dec. 54; Re Millington, 24 Kan. 214; Garlick v. Dunn, 42 Ala. 404; Freeman, Judgm. § 121; Bates v. Gage, 40 Cal. 183; Smurr v. State, 105 Ind. 125, 4 N. E. 445, 7 Am. Crim. Rep. 545; Grable v. State, 2 G. Greene, 559; State v. Stevens, 67 Iowa, 557, 25 N. W. 777, 6 Am. Crim. Rep. 88; 11 Cyc. 735; Courts, 13 Century Dig. 243.

*Andrew Miller,* Attorney General, *Alfred Zuger,* and *John Carmody,* Assistant Attorneys General, for respondent.

This case was tried during the general term of court for Sargent county, and Judge Cooley, the now resident judge, who was called in

to try the case, had jurisdiction, even though Judge Allen, the judge of said court, was then holding court in another county in said district. Rev. Codes 1905, §§ 6765, 9929; State v. Stevens, 67 Iowa, 557, 25 N. W. 777, 6 Am. Crim. Rep. 88; Harris v. Gest, 4 Ohio St. 469.

SPALDING, Ch. J.   An information against the appellant was filed in the district court of Sargent county on the 7th day of September, 1911, subscribed and sworn to by the state's attorney of that county, charging that appellant on the 27th day of June, in 1911, and continuously from day to day, from the 1st day of January, 1911, to the commencement of this action, . . . did commit the crime of keeping and maintaining a common nuisance, etc.   On or about September 7, 1911, in the district court of such county, she entered a plea of not guilty.   The case was continued from term to term until the February, 1913, term of that court, when, on the first day of the term, it was called and set for trial. No other information was ever filed against her.   When the case was reached, she appeared specially by attorney and was permitted to withdraw her plea of not guilty, and, on February 10, 1913, she filed a motion to quash the information, upon the grounds, (1) that she never had nor waived a preliminary examination upon the charge contained in the information; (2) that she had never been adjudged or required or bound to appear at that court, to answer any charge whatever; (3) that the district court of Sargent county had never acquired nor had jurisdiction of the person of the defendant from the lower court, and that she never was committed to the jurisdiction or custody of the district court by the committing magistrate who pretended to hear her case; (4) that the information did not state facts sufficient to charge defendant with any public offense; (5) that said information was not made, drawn, and presented in substantial compliance to the statutes of the state relating thereto, and in particular, because it shows on its face that it never was presented to the court in open court, as is required by law. In support of this motion, her counsel asked the court to take judicial notice of all its records and files in said cause, including the return of the justice of the peace in a cause similarly entitled.   The records of the magistrate to which reference was made show a criminal complaint made against her by the state's attorney, charging her with having maintained a common nuisance in said county since the 1st day of January,

1911, and previous to the 27th day of June, 1911, in that, at sundry and divers times between those dates, she sold, bartered, and gave away intoxicating liquors, etc. In construing the law relating to this case, for reasons which will appear later, it is not necessary to notice the record relating to the proceedings on that complaint in the magistrate's court, or the reference to its being filed with the return in the district court. The motion to quash was denied, and an exception taken to the order denying it. On February 13, 1913, the defendant presented and filed her affidavit of prejudice, as provided by § 9929, Rev. Codes 1909, and amendments thereto, and requested the judge to arrange and procure some other judge to preside at the trial in his place, and in pursuance of such affidavit, Hon. Charles M. Cooley, judge of the first judicial district, upon the written request of Hon. Frank P. Allen, judge of the fourth judicial district, in which Sargent county is located, was secured and the trial set for February 18, 1913. On that day, Judge Cooley being present and presiding, and it being a day of the regular February, 1913, term of the district court for Sargent county, which term is fixed by law to commence on the first Tuesday of February, the case was called for trial, whereupon defendant filed objections to the trial, or the taking of any proceedings whatever in said action at that time and place before Judge Cooley, for the following reasons: (1) That there is no session of said district court of said Sargent county now being held there; (2) that Hon. Charles M. Cooley is not the judge of said district court, and is not sitting or acting as the judge of said district court in any manner or upon any cause authorized by law; (3) that the Hon. Frank P. Allen is the sole judge of that court and district, and that he is now sitting as a judge of said district court at Wahpeton, in the county of Richland, holding a regular term of said court in Richland county, namely, the January, 1913, term, and is actually engaged in the trial of an action at law, with a jury; (4) that the trial at such time and place and before Judge Cooley would be a denial of the rights of the defendant guaranteed by the Constitution, and contrary to the provisions of § 1, article 14, of the Amendments of the Constitution of the United States; and in support thereof, she showed that the regular January, 1913, term of the district court for Richland county, commenced on the 7th day of January, 1913, and, about the 31st day of January, 1913, was adjourned to the 18th day of February, 1913;

that a petit jury was in attendance upon that court, and upon such adjournment the jurors were ordered to appear for service on the 18th day of February, 1913, at 9:30 o'clock in the forenoon; that they are now in attendance upon said court, and said court is actually engaged in the active discharge of its duties or functions at this time. The court was requested to take judicial notice of the fact that Richland county was within, and a part of, the fourth judicial district. This objection was overruled and an exception taken, whereupon the defendant demurred to the information on the ground that the court had no jurisdiction of the offense charged, and, in brief, because the record from the justice court, which pretended to hold a preliminary examination, shows on its face no such examination was held according to law; that no judgment was rendered by the justice committing the defendant to the jurisdiction of the district court; that the proceedings before the justice were irregular, as shown by the files and records transmitted to the district court, in a cause similarly entitled; that the information does not comply in form to the requirements of the Code, and more than one offense is charged therein; that it contains matter which would constitute a legal bar to the prosecution of this action; that the information is neither found, made, filed, or verified according to law. The demurrer was overruled. Defendant was placed on trial, and tried on the 18th, 19th, and 20th days of February, 1913. On the latter date, the jury returned a verdict of guilty as charged in the information. Thereafter a motion was made in arrest of judgment, on the same grounds covered by the demurrer, and, on the 21st of February, 1913, the court entered its order denying such motion and allowed an exception, and on the same day defendant was sentenced to imprisonment in the county jail of Sargent county for the term of ninety days, to pay a fine and costs, in all amounting to $306.90, and judgment entered, to which an exception was allowed. From such judgment an appeal was taken to this court.

We shall consider the six errors alleged and argued separately.

1. The complaint filed with the magistrate and the information filed in district court alleged two different offenses. State v. Winbauer, 21 N. D. 161, 129 N. W. 97.

2. The information on which the appellant was tried was filed during a regular term of the district court of Sargent county, the county in

which it was charged the offense was committed, and it charged the commission of an offense continuously from the 1st day of January to the commencement of the criminal action, hence it conformed to the requirements of § 9791, Rev. Codes 1905, which in effect provides that, when a crime or public offense is committed or triable, it shall not be necessary for the defendant to have had a preliminary examination, hence, appellant's objection to the information on the ground that there had been no preliminary examination is not well taken. It is argued that the facts are on "all fours" with the Winbauer case, supra. In this, appellant is mistaken. In that case, the information did not charge the continuance of the offense during the continuance of a term of the court. That offense was charged as having continued to and including the 2d day of May, 1910, while the term of court did not commence until May 3d, 1910. This appeal is from the judgment, and none of the evidence is before this court.

3. There is no merit in the contention that the information charges two separate and distinct offenses. It charges the offense to have continued from day to day, from the 1st day of January, 1911, to the commencement of this action. The 27th day of June, 1911, is a day included within the charge of the continuing offense, and its being stated neither adds to nor detracts from the charging part of the information, and is simply surplusage.

4. The objection that the judge of the first judicial district was without power to sit in the trial of said action in Sargent county in the fourth judicial district is devoid of merit. The defendant had filed an affidavit of prejudice, and demanded that the judge of the fourth district secure the attendance of the judge of some other district to preside at the trial. This the judge of the fourth district did speedily, a delay of only five days intervening between the filing of the affidavit and the resumption of proceedings before Hon. Charles M. Cooley, judge of the first district, and the proceedings were in accordance with the statute governing the same.

5. It is objected that the court was without jurisdiction and the proceedings void, because two courts were sitting in the fourth judicial district at the same time, that is, that while Judge Cooley was trying this case, Judge Allen, the duly elected judge of the fourth district, was also holding court and trying an action in Richland county, and it is con-

tended that there cannot be two district courts in session at the same time in the same district. It is not necessary to pass upon this question. It is sufficient to say that Judge Cooley had been called in regularly to preside on the trial of this action; that this was a regular unadjourned term of the district court for Sargent county, which commenced, in accordance with the law, on the first Tuesday in February, 1913, and appears to have been continuously in session from that time until the conclusion of the trial of the case at bar. It also appears that the term of the Richland county court was fixed for the first Tuesday in January, 1913, a date prior to the time fixed by law for the commencement of the Sargent county term, and a date prior to the commencement in fact of the Sargent county term. Hence, if there was any irregularity or any want of jurisdiction, they existed with reference to the proceedings in the Richland county court after the commencement and during the continuance of the sessions of the Sargent county court. Judge Cooley was the judge of the fourth judicial district for Sargent county as to the trial of this case, as fully as though he had been elected and had qualified as judge of that district, and he had authority in law for holding the Sargent county court at the time when this trial was held. The date of that term of court was fixed by the statute, and if any term ended by any act of Judge Allen, it was the term of the district court for Richland county, when the term for Sargent county commenced as required by law. This proposition is perfectly plain. We are not intimating that the court held by Judge Allen in Richland county during the sitting of Judge Cooley in Sargent county was irregular, or the proceedings therein without jurisdiction and void. Those questions are not before us, the only question being whether the proceedings before Judge Cooley in Sargent county were void.

6. The only remaining question to determine is whether the judgment is rendered void by the fact that sentence was passed upon the defendant less than two days after the verdict was returned. Section 10,088, Rev. Codes 1905, as amended by chapter 88, Laws of 1907, relating to the time for pronouncing judgment, provides: "The time appointed must be at least two days after the verdict, if the court intends to remain in session so long, or, if not, at as remote a time as can reasonably be allowed." The verdict in this case was returned on the 20th day of February, 1913; sentence was pronounced on the 21st day

of February, 1913. District courts are courts of record and have general jurisdiction, and on appeal all reasonable presumptions must be indulged in support of their judgments. Carr, S. & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867; Gould v. Duluth & D. Elevator Co. 3 N. D. 104, 54 N. W. 316; Gress v. Evans, 1 Dak. 387, 46 N. W. 1132; State v. Gerhart, 13 N. D. 663, 102 N. W. 880; State v. Scholfield, 13 N. D. 664, 102 N. W. 878. It must therefore be presumed in the absence of any showing, that, at the time sentence was pronounced on the defendant, the court did not intend to remain in session two days, and that, for this reason, it was pronounced on the day following the return of the verdict. If it did remain in session, or intended to remain in session, two days after the rendition of the verdict, it was incumbent on the appellant to show that fact on appeal. She did not do so. No objection was taken covering the time of pronouncing sentence, and the attention of the trial court was not called to the question here urged. Finding no prejudicial error in the record, the judgment of the District Court is affirmed.