STATE of North Dakota, Plaintiff and Respondent,

v.

Delmar D. KLEIN, Defendant and Appellant.

Cr. No. 414.

Supreme Court of North Dakota.

July 27, 1972.

Rehearing Denied Sept. 6, 1972.

Helgi Johanneson, Atty. Gen., Bismarck, and Gordon O. Hoberg, State's Atty., Napoleon, for plaintiff and respondent State of North Dakota.

Richard B. Bear, Bismarck, for defendant and appellant.

STRUTZ, Chief Justice.

The defendant, Delmar D. Klein, was convicted in the district court of Logan County of the crime of rape in the first degree. The information upon which he was tried charged him with having committed the crime of rape in the first degree in the manner following, to wit:

"That at the said time and place the said defendant did have sexual intercourse with a female, namely; [naming the complaining witness], who was not his wife and who at the time of the said intercourse, was under the age of eighteen (18) years, and that the defendant at the time of said act, was over the age of twenty-four (24) years."

The jury returned a verdict of rape in the first degree. Thereafter, the defendant made a motion for new trial, which motion, after hearing, was denied by the trial court. Judgment was entered committing the defendant to the State penitentiary, and this appeal was taken from the judgment and from the order denying the motion for new trial.

The defendant raises two issues on this appeal:

1. Insufficiency of the evidence to sustain the verdict; and

2. Prejudicial error committed by the trial court in communicating with the jury after the jury had begun its deliberation, without notice to the defendant or his counsel.

Let us first consider the evidence. Was it sufficient to sustain the verdict?

The defendant strenuously asserts that there is no evidence of penetration and that the State has proved, at most, an attempt to commit rape.

Let us look at the record.

The complaining witness testified positively that there was penetration. She was asked whether the defendant's organ actually entered her, and her reply was: "Yes, it did."

The doctor who examined the complaining witness was called by the defendant. He testified that he had examined the complaining witness at about eight o'clock in the evening of June 7, 1970, approximately four hours after the alleged rape. He testified that at the time of his examination her vagina looked normal and that he found no swelling or abrasions, and that he found no evidence of sexual penetration. However, on cross-examination, he admitted that he could not state whether there had not been sexual intercourse and that he had no opinion on the matter except to say that he had not found evidence that there had been penetration. He further testified that he found bruises and contusions on the complainant's legs and body, and that he treated her for these.

■ Our statute relating to prosecution for rape does not require that the complaining witness be corroborated. A defendant may be convicted on the unsupported testimony of a complaining witness. State v. Johnson, 58 N.D. 832, 227 N.W. 560 (1929). In the case before us, however, the testimony of the complaining witness was corroborated. It was corroborated, for example, by the defendant's own witness, Schuchard, who walked into the bedroom while the defendant and the complaining witness were there, and who testified on cross-examination that the complainant's pants were unzipped and that she was attempting to close them as she left the room. It is true that there was no testimony that the complaining witness was forced, other than the testimony of the prosecutrix herself. But proof of force is not necessary where the victim is under the age of eighteen years. Even if the complaining witness had cooperated with the defendant in every way, his act of intercourse with her would, nevertheless, be rape. Sec. 12–30–01, subsec. 1, N.D.C.C.

The jury had before it for consideration the testimony of the defendant's witness, who testified that the defendant had stated, before entering the room with the victim, that he was going to "make" her.

■ The record further shows that the prosecutrix left the house immediately after leaving the bedroom; that she was picked up on the road by a young man who took her to town, where they looked for a policeman; that when they could not find one, they went to a minister who called the police and the sheriff and made arrangements for the complaining witness to be taken to the hospital. The fact that she made complaint was properly shown in evidence. State v. Johnson, *supra*.

■ In view of the fact that the complaining witness's testimony as to penetration need not be corroborated, we believe the evidence is sufficient to sustain the verdict. We have read the testimony carefully and we find that there is a direct conflict between the evidence of the State and that of the defendant. The question of guilt or innocence of the defendant therefore was for the jury. A motion for new trial on grounds of insufficiency of the evidence is addressed to the sound discretion of the trial court. Such court's determination with respect to the sufficiency of the evidence will not be disturbed on appeal unless an abuse of discretion is shown. State v. Shepard, 68 N.D. 143, 277 N.W. 315 (1938); State v. Smith, 153 N.W.2d 691 (N.D. 1967).

We find no abuse of discretion on the part of the trial court in denying the motion for a new trial on grounds of insufficiency of the evidence.

■ The second issue raised by the defendant on this appeal is that the trial court committed prejudicial error in communicating with the jury, allegedly outside the presence of the defendant and his counsel and without notice to them, after the jury had begun its deliberations. The record discloses that after the jury had retired for deliberation, the foreman sent word to the judge, through the bailiff, that the jury wanted to be informed as to what the defendant's witness had meant by the expression "I am going to put the make on that girl," in quoting the defendant. The trial court stated that one of defendant's counsel was present at the time the request was made. Whether he was or was not present, the record is clear that the court sent word to the jury, through the bailiff, that the court could not answer the jury's inquiry and that the matter about which it inquired was a matter for the jury to determine.

Did the fact that the jury requested information on the meaning of an expression which the defendant allegedly had used, and which information the court did not give, constitute reversible error?

■ As a general rule, all communications between the trial judge and the jury, after a case has been submitted, must take place in open court and in the presence of,

or after notice to, the parties and their counsel. 89 C.J.S. Trial § 473, p. 115.

North Dakota follows this general rule. Section 29–22–05 of the North Dakota Century Code provides:

"After the jurors have retired for deliberation, if they desire to be informed on a point of law arising in the cause, or to have any testimony about which they are in doubt or disagreement read to them, they, upon their request, must be conducted into the courtroom by the officer who has them in custody. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the state's attorney and the defendant or his counsel, or after they have been called."

Thus, under our law, whatever communication takes place between the jury and the court after the jury has retired for deliberation, such as a request by the jury to be informed on any point of law arising in the case or on any other matter, such communication must take place in open court with counsel for both parties and the defendant being present, or at least they must have been notified of the jury's request. The record in this case includes a statement by the trial court, disclosing that when such request was received, the court sent word to the jury, without any attempt to answer its question, that the meaning of any expression used by any of the witnesses was for the jury's determination.

■ After a case has been submitted to the jury, the only proper forum for communication between the jury and the judge is in open court, where a proper record may be made of any conversation had. Any such communication should be made in the presence of the entire jury panel, counsel for both sides, and, in a criminal prosecution, in the presence of the defendant.

The defendant cites the decision of this court in the case of State v. Murphy, 17 N.D. 48, 115 N.W. 84, decided in 1908. In that case, the jury sent word to the trial judge that it desired to communicate with him. The judge went into the jury room and said, "Good evening," and asked if the jurors had agreed on a verdict. Upon being informed that they were unable to agree, the trial judge replied, "I will ask you to consider the matter further. Good night."

On appeal to this court, the conviction of the defendant was reversed. This court held that the entry of the trial judge into the jury room and there having conversation with the jury was reversible error regardless of what that conversation was. The place for a judge is on the bench, and not in the jury room. All proceedings of the court in a criminal case, other than conferences on the law with the attorneys and the defendant, should be in open court.

In the case at bar, the trial judge did not leave the courtroom. Word was brought to him by the officer who had the jury in custody that the jury desired to be advised as to the meaning of a certain expression used in the testimony. The record discloses that when this request was received, the judge sent word back by the officer who had brought the jury's request that the court could not answer the question and that the jurors would have to determine the matter for themselves.

We conclude that it was error for the trial court to communicate with the jury outside the presence of counsel and the defendant, but that such error was not prejudicial to the substantial rights of the defendant. The motion for new trial therefore was properly denied.

No sufficient grounds for the motion for new trial having been presented by the defendant, the order of the trial court denying motion for new trial and the judgment of conviction are affirmed.

ERICKSTAD, J., and C. F. KELSCH, District Judge, concur.

PAULSON, J., deeming himself disqualified, did not participate; C. F. KELSCH,

District Judge of the Sixth Judicial District, sitting in his stead.

TEIGEN, Judge (concurring specially).

I concur in the result. I do not think, however, that it was proper for the majority to conclude "that it was error for the trial court to communicate with the jury outside the presence of counsel and the defendant" a refusal to inform the jury as to what a witness at the trial meant by the expression quoted in the majority opinion. The jury's request does not come within the mandate contained in Section 29–22–05, N.D.C.C., cited by the majority, as the jury's request did not seek information on a "point of law" nor did it seek to have "any testimony * * * read to them." Thus the request did not invoke the required procedure set forth in the statute. I think, under the circumstances, it was proper for the trial judge to communicate, through the bailiff, his refusal to grant the jury's request. Situations similar to what occurred here are not uncommon in jury trials and it is my opinion, based on my experience as a trial judge, that it is unreasonable to place this useless burden on the trial judge and the participants at the trial by classifying the failure to do so as error.

The Kansas Supreme Court, in Hammargren v. Montgomery Ward & Co., 172 Kan. 484, 241 P.2d 1192 (1952), came to the same conclusion. It held that it was not error for the trial court to orally advise the jury through the bailiff that checks which the jury asked for after the jury had started to deliberate had not been received in evidence.

KNUDSON, Judge (concurring specially).

I concur in the result, but I do not agree with the majority in their conclusion that the request by the jury and the refusal of the trial court to answer the question constituted a communication under the statute, and therefore I do not find that the trial court committed error.

ON PETITION FOR REHEARING.

STRUTZ, Chief Justice.

The defendant has filed a petition for rehearing, pointing out that the trial court did not delay two days after verdict before passing sentence, as required by law.

Section 29–26–01, North Dakota Century Code, provides that after verdict of guilty, the court must appoint a time for pronouncing judgment. Section 29–26 02 then goes on to provide that the time appointed to pronounce judgment must be at least two days after the verdict, if the court intends to remain in session so long, or, if not, at as remote a time as can be allowed reasonably.

The record in this case discloses that the trial judge was from another judicial district and that this case was the last case to be tried at that term. It also shows that the defendant's counsel did request a later time to be set for sentencing, to which the court replied that ordinarily, if the court remains in session, it will allow a number of days subsequent to verdict before pronouncing judgment, but since this was the last case to be tried at the term, the court would pass sentence immediately. This, urges the defendant, was error.

The court clearly advised the parties that it did not intend to remain in session for two days after the verdict because this was the last case to be tried. It must be remembered that the judge was not in his own district and would have no further duties to perform. In State v. Riley, 26 N.D. 236, 144 N.W. 107 (1913), this court held that where sentence has been pronounced less than two days after verdict, there is a presumption that the court did not intend to remain in session for two days after verdict, and in the absence of a showing by the defendant that the court actually did remain in session for two days or more after verdict, the passing of sentence before the expiration of such time was not error.

The defendant in this case did object to the passing of sentence without such two days' delay. But since the judge was sitting in a district other than his own and there was no further business for him to perform, we hold that the passing of sentence without waiting two days comes within ...e statutory exception which provides th:t such two-day delay must be observed o: ... "if the court intends to remain in s... so long."

...re the court clearly pointed out that ... not intend to remain in session, it ... error to pass sentence on the de... without delaying for two days after ...

The defendant also asserts that our decision in this case has overruled State v. Murphy, 17 N.D. 48, 115 N.W. 84 (1908). From what we say in the opinion, we believe *Murphy* is not applicable to the facts of this case.

The petition for rehearing is denied.

TEIGEN, ERICKSTAD, KNUDSON, JJ., and C. F. KELSCH, District Judge, concur.

PAULSON, J., deeming himself disqualified did not participate; C. F. KELSCH, District Judge of the Sixth Judicial District, sitting in his stead.