STATE OF NORTH DAKOTA *vs.* CHRIS KELLAR.

Opinion filed October 25, 1899.

**Incest—Testimony of Accomplice—Corroboration.**

> In this state no conviction for any crime can be had upon the uncorroborated testimony of an accomplice. There must be other testimony tending to connect the defendant with the commission of the offense.

**Female Participant an Accomplice.**

> The female participant in incestuous intercourse, whose action is voluntary, and uninfluenced by any element of coercion, either by force, fraud, fear, or undue influence, is an accomplice in the crime of incest.

**Question for the Jury.**

> Whether or not the female participant in incestuous intercourse is an accomplice in the crime of incest is generally a question of fact for the jury, and this is always the case where her coercion is sought to be shown inferentially.

Appeal from District Court, Morton County; *Winchester,* J. Chris Kellar was convicted of incest, and appeals. Reversed.

*H. G. Voss,* for appellant.

*James G. Campbell,* state's attorney, for respondent.

BARTHOLOMEW, C. J. There is but one question in this case that need be considered. The defendant has been convicted of the crime of incest, the female being his daughter. It is not claimed by the state, and could not be upon the record, that there is any evidence tending to connect the defendant with the commission of the crime except the evidence of the daughter. Our statute (section 8195, Rev. Codes) reads: "A conviction cannot be had upon the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof." The defendant asked the following instruction: "Under the laws of this state no conviction can be had in a criminal case upon the uncorroborated testimony of an accomplice. It is for you to determine from the testimony in this case whether or not the witness Lizzie Kellar was an accomplice in the commission of this crime. If you find as a fact that sexual intercourse was had between the defendant and the said Lizzie Kellar, and you find that she voluntarily submitted to such intercourse, without being forced, then she, in law, is an accomplice to the commission of said offense, and no conviction in this case can be had unless her testimony is corroborated by some other credible testimony in this case; and the corroboration is not sufficient if it merely shows the commission of the

offense, or the circumstances thereof, but such corroborative testimony must tend to connect the defendant with the commission of the crime." This instruction was refused, nor did the Court, in its charge to the jury, in any manner refer to this subject. This was error, which compels us to reverse this judgment. Whart. Cr. Ev. § 440, defines an accomplice as "a person who knowingly, voluntarily, and with a common intent with the principal offender unites in the commission of a crime." While this definition has been often quoted, and is strictly accurate in the great majority of cases, it is not, we think, universally accurate. Two persons may be equally guilty in the commission of a crime, may both be present, and equally participate in its commission. As between them, there can be no "principal offender," yet each is the accomplice of the other. We prefer Black's definition: "An associate in crime; one who co-operates, aids, or assists in committing it." That the female participant in incestuous intercourse, whose action in the matter is voluntary, and uninfluenced by any element of coercion, either by force, fear, fraud, or undue influence, is an accomplice in the commission of the crime of incest, is, we think, firmly settled in the law. *State* v. *Jarvis,* 18 Ore. 360, 23 Pac. Rep. 251; *Dodson* v. *State,* 24 Tex. App. 518, 6 S. W. Rep. 548; *Freeman* v. *State,* 11 Tex. App. 92; *State* v. *Dana,* 59 Vt. 614, 10 Atl. Rep. 727; *Porath* v. *State,* 90 Wis. 527, 63 N. W. Rep. 1061; *Clark* v *State,* (Tex. Cr. App.) 45 S. W. Rep. 576; *State* v. *Chambers,* 87 Iowa 1, 53 N. W. Rep. 1090; *De Groat* v. *People,* 39 Mich. 124; Whart. Cr. Ev. § 440; 10 Am. & Eng. Enc. L. 347, note 1. Where force, fraud, or fear is used to overcome the will of the female, she is not an accomplice, as the above authorities abundantly show. We have read the evidence in this case with care. Certain it is that there is nothing in the evidence from which a court could say, as matter of law, that the female was coerced. If fear of her father, or his undue influence over her, overcame her will, she was not an accomplice. But this was a question for the jury. In *Porath* v. *State,* supra, the Court said: "It does not necessarily follow in such cases that the female is to be regarded as an accomplice, and particularly in a case like the present, in view of the relation between the parties, and the coercive authority of her father over her. *Raiford* v. *State,* 68 Ga. 672; *Norton* v. *State,* 106 Ind. 163, 6 N. E. Rep. 126. If, in the commission of the incestuous act, the female was the victim of force, fraud, or undue influence, so that she did not act voluntarily, and join in the commission of the act with the same intent that the accused did, then she ought not to be regarded as an accomplice. In all such cases, where it is to be proved inferentially, the question of accompliceship is one of fact for the jury. Whart. Cr. Ev. § 440; *Mercer* v. *State,* 17 Tex. App. 452." See, also, *State* v. *Haynes,* 7 N. D. 352, 75 N. W. Rep. 267. The wording of the instruction asked may, perhaps, be open to criticism. The words "without being forced," as therein used, are somewhat bald, and might imply that physical force was necessary. Strictly,

.however, the instruction asked was correct, and should have been given; but a modification as indicated would have improved it. The refusal of the Court to give this instruction, and its failure to instruct upon the question in any form, constitute error, which necessitates reversal and a trial de novo. Reversed. All concur.