Ken ZANDER, Barnes County Deputy Sheriff, Petitioner and Appellee,

v.

S.J.K., Mr. V.K. and Mrs. V.K., Respondents and Appellants.

Civ. No. 9331.

Supreme Court of North Dakota.

Aug. 1, 1977.

**714**

Lanier, Knox & Olson, and Mike Beauchene, a law student, Fargo, for respondents and appellants; argued by P. W. Lanier, Jr., Fargo.

John T. Paulson, State's Atty., Valley City, for petitioner and appellee; argued by Mikal Simonson, Asst. State's Atty.

PEDERSON, Justice.

Appellant, S.J.K., has been adjudged a delinquent child under § 27–20–29, North Dakota Century Code, in a proceeding held before the Barnes County Juvenile Court, for the commission of vandalism to public property in violation of the criminal mischief statute, § 12.1–21–05, NDCC. The court found S.J.K. to have acted as an accomplice to acts of criminal mischief committed by two other juveniles, in violation of § 12.1–03–01, NDCC. The issue presented is whether the record contains sufficient evidentiary facts to support the court's determination of delinquency based on these violations. We reverse.

On the evening of January 30, 1977, S.J.K. and three passengers, T.B., T.D., and A.D., were driving toward Valley City, North Dakota, on Interstate Highway 94, when they stopped at the Oakes Interchange rest area to use the rest rooms. All four young men entered the men's rest room and, a few minutes later, S.J.K. left the rest room and went to the telephone booth outside to call a girl friend, where he remained, according to all of the testimony introduced at the hearing, until their departure from the rest area some thirty minutes later.

One of the young men, A.D., testified that shortly after appellant had gone out to the phone booth, T.B. picked up a garbage can and threw it at a partition in the rest room. A.D. immediately went out to appellant's vehicle, where he remained throughout the occurrence of subsequent events. The court found that A.D. had sufficiently removed himself from the acts of vandalism

to be innocent of any wrongdoing. Subsequently, T.D. and T.B. completed destruction of the rest room facilities, and substantially damaged the phone booth outside. This latter damage was initiated while appellant was still inside the phone booth. At the disposition hearing, the court placed appellant on probation for two years and ordered him to make restitution to the North Dakota State Highway Department and Northwestern Bell Telephone Company in the amount of $895.00.

The scope of review in an appeal from a final judgment or decree of the juvenile court is set forth in § 27–20–56, NDCC, which states in relevant part:

"The appeal shall be heard by the supreme court upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court."

See, *In re R. Y.*, 189 N.W.2d 644 (N.D.1971).

In reference to the three young men, excluding A.D., the juvenile court found that:

"While at said Rest Area considerable damage was *done by them* to the rest rooms and the telephone booth; * * *" [Emphasis added.]

Not only is this finding unsupported by the evidence, it is clearly contradicted by the testimony of T.D., T.B., and A.D., all of whom testified that appellant did not participate in the vandalism or physical destruction of property which occurred. In the absence of any evidence to the contrary, we must conclude that the juvenile court erred in finding that S.J.K. participated in any physical destruction of property at the Oakes Interchange rest area.

The court also found:

"That [S.J.K.] did act as an accomplice in the commission of the crime of criminal mischief, based on the conduct of [T.B.] and [T.D.];

"That he failed to exercise his statutory duty to prevent or lessen the damage incurred in the acts of criminal mischief as set out above and that he associated in

and participated in such acts of vandalism to public and private property."

Section 12.1–03–01, NDCC, defines the word "accomplice" in these terms:

"1. A person may be convicted of an offense based upon the conduct of another person when:

"a. Acting with the kind of culpability required for the offense, he causes the other to engage in such conduct;

"b. With intent that an offense be committed, he commands, induces, procures, or aids the other to commit it, or, having a statutory duty to prevent its commission, he fails to make proper effort to do so; or

"c. He is a co-conspirator and his association with the offense meets the requirements of either of the other subdivisions of this subsection."

■ In determining whether appellant's conduct renders him an accomplice to his companions' criminal conduct, we begin with the familiar principle that mere presence at the scene of a crime is not enough to make one an accomplice. *State v. Berger*, 235 N.W.2d 254 (N.D.1975); *State v. Helmenstein*, 163 N.W.2d 85 (N.D.1968); 22 C.J.S. Criminal Law § 88(2). However, presence at the scene of a crime is a circumstance which, in conjunction with other facts, may support a finding that appellant acted as an accomplice. *State v. Anderberg*, 228 N.W.2d 631 (S.D.1975).

■ Some additional facts which would support such a finding include acting upon a common plan or in furtherance of a conspiracy, *State v. Anderson*, 172 N.W.2d 597 (N.D.1969), acting with the kind of culpability required for the offense and sharing the criminal intent of the principal, *Snyder v. United States*, 448 F.2d 716 (8th Cir. 1971), approving the criminal act by active participation in it or by, in some manner, encouraging it, *State v. Vesey*, 241 N.W.2d 888 (Iowa 1976), positioning one's self as a lookout to hinder apprehension of the principal, *United States v. Jarboe*, 374 F.Supp. 310 (W.D.Mo.1974), or driving the getaway car or otherwise fleeing the scene, *People v. Sawyer*, 256 Cal.App.2d 66, 63 Cal.Rptr. 749 (1967).

■ We are unable to agree with the juvenile court that appellant had a statutory duty to prevent the damage which occurred in this instance. Nor can we perceive in the record any indication that appellant shared the same criminal intent to commit criminal mischief or acts of vandalism or caused his companions to engage in such conduct.

The record indicates that appellant and his passengers entered the Oakes Interchange rest area to use the rest rooms. There is no evidence of a prior conspiracy or plan to commit criminal acts. Appellant's conduct in leaving the rest room area before the destruction began would indicate an absence of predesign, or, at the very least, a desire to remove himself from criminal activity.

At oral argument, the State suggested that appellant positioned himself in the telephone booth to act as a lookout. Contrary to this supposition by counsel, the only evidence of appellant's motive for being in the telephone booth was his undisputed statement that he was there attempting to communicate by phone with a girl friend during this period, and that he received a return call from her before leaving the rest area. There is no evidence which would indicate that he was in the telephone booth for any other purpose.

The State attempts to analogize the instant case to *State v. Berger*, 235 N.W.2d 254 (N.D.1975), where we held that defendants who travel together, were present at the scene of the crime, and did nothing to prevent the subsequent assault and battery upon the victims, all aided and abetted in the commission of the offense. However, that decision was based upon evidence of active participation by all of the defendants, and our conclusion in that opinion that each of the defendants had committed assault and battery on the complainants adequately serves to distinguish that case from the instant one.

 Appellant's three companions all testified that he did not participate in the criminal acts of vandalism. There is no evidence that he commanded, induced, procured, aided and abetted, or encouraged the others to damage the rest area. Section 12.1–03–01(1)(b), NDCC. There is no evidence of predesign or preconcert. Appellant engaged in no conduct which would evidence the kind of culpability required to make him an accomplice. Section 12.1–03–01(1)(a), NDCC. He has been implicated in the acts of vandalism simply because he drove his companions to and away from the rest area, and because he was present when it was vandalized. Without more, this does not constitute a sufficient factual foundation to support an adjudication of juvenile delinquency based upon a finding of participation as an accomplice in acts of vandalism.

Reversed and remanded.

ERICKSTAD, C. J., and VOGEL and SAND, JJ., and LARRY M. HATCH, District Judge, concur.

The Honorable WM. L. PAULSON, deeming himself disqualified, did not participate; the Honorable LARRY M. HATCH, District Judge of the Third Judicial District, sitting in his place.