STATE of North Dakota, Plaintiff and Appellee,

v.

Mark Steven PRONOVOST, Defendant and Appellant.

Cr. No. 959.

Supreme Court of North Dakota.

March 21, 1984.

Bruce D. Quick, Asst. State's Atty., Fargo, for plaintiff and appellee.

Edward J. Murphy, Fargo, for defendant and appellant.

SAND, Justice.

Mark S. Pronovost appealed from a judgment of conviction for the crime of being an accomplice to the delivery of a controlled substance. Pronovost, after a bench trial, was sentenced to one year in the State Penitentiary. At Pronovost's request, however, the court stayed his sentence pending the disposition of this appeal.

The complaint charged that Pronovost aided Jay P. Morud in delivering cocaine to Agent David Sohm of the North Dakota Drug Enforcement Unit. Sohm testified that he arranged through an informant to meet Morud on 14 August 1981 at a parking lot in south Fargo to purchase one-quarter ounce of cocaine. The informant told Sohm that Morud would arrive in a car driven by Pronovost. Sohm testified that Morud and Pronovost in fact arrived in a car driven by Pronovost shortly after Sohm and the informant arrived. According to Sohm, the informant entered the back seat of Pronovost's car while Sohm knelt beside the front passenger door to speak with Morud. Sohm stated that Morud offered to return with the cocaine if Sohm paid him $670 in advance. Sohm then paid Morud and thereafter Morud, Pronovost, and the informant left the parking lot.

A second drug enforcement unit agent, Eugene Roy, testified that he conducted surveillance of the entire event and that he heard all of the conversations because Sohm was carrying an electronic transmitter. Roy followed Pronovost's car to an apartment building after it left the parking lot. According to Roy, Pronovost circled the area in his car while Morud was inside. Roy and Sohm testified that when Pronovost's car returned to the parking lot Sohm entered the car and the informant got out. Morud then allegedly handed Sohm a package containing cocaine.

Pronovost testified that he and Morud had been friends for "many years" and that they had previously been roommates for one year. However, Pronovost claimed that he did not know that Morud was involved with drugs. Pronovost testified that Sohm's payment to Morud occurred in the informant's car and that he knew nothing of the transaction until Morud handed Sohm the package when they returned to the parking lot. Pronovost acknowledged, however, that he gave Morud a ride back to Pronovost's house after the transaction.

Pronovost argued on appeal that he was not an accomplice within the meaning of *Zander v. S.J.K.*, 256 N.W.2d 713 (N.D. 1977), and that there was insufficient evidence to support his conviction.

[1, 2] Pronovost's reliance upon *Zander* is misplaced. *Zander* involved an appeal from a juvenile court judgment. Under the Juvenile Court Act, our scope of review is similar to a trial de novo although appreciable weight is given to the findings of the juvenile court. *In re F.H.*, 283 N.W.2d 202, 211 (N.D.1979). In criminal cases our standard of review is different. A review on a de novo basis does not apply. In criminal cases we do not weigh conflicting evidence and we do not judge the credibility of the witnesses. Rather, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to sustain a

conviction. *State v. Manke*, 328 N.W.2d 799, 805 (N.D.1982).

 Accomplice liability is defined in North Dakota Century Code § 12.1–03–01. It provides:

"1. A person may be convicted of an offense based upon the conduct of another person when:

a. Acting with the kind of culpability required for the offense, he causes the other to engage in such conduct;

b. With intent that an offense be committed, he commands, induces, procures, or aids the other to commit it, or, having a statutory duty to prevent its commission, he fails to make proper effort to do so; or

c. He is a co-conspirator and his association with the offense meets the requirements of either of the other subdivisions of this subsection.

A person is not liable under this subsection for the conduct of another person when he is either expressly or by implication made not accountable for such conduct by the statute defining the offense or related provisions because he is a victim of the offense or otherwise."

In addition, we have said that mere presence at the scene of a crime is not enough to make one an accomplice. However, presence at the scene of a crime is a fact which, together with other facts, may support a finding that the defendant acted as an accomplice. *Zander, supra,* at 715. Additional facts which would support a finding of accomplice liability include acting upon a common plan or in furtherance of a conspiracy; acting with the kind of culpability required for the offense and sharing the criminal intent of the principal; approving the criminal act by active participation in it or by, in some manner, encouraging it; positioning one's self as a lookout to hinder apprehension of the principal; or driving a get away car or otherwise fleeing the scene. *Ibid.*

 In the instant case, Pronovost was a longtime friend and former roommate of Morud. Further, Pronovost was more than merely present at the scene of the crime. Although Pronovost testified that he was merely giving Morud a ride to the parking lot, Pronovost waited in the car while Morud talked to Sohm. Pronovost then drove Morud to an apartment complex and again waited for Morud while Morud went inside. Pronovost subsequently drove Morud back to the parking lot and again waited while Morud transferred the package to Sohm. Pronovost acknowledged that at that point he knew that an illegal drug transaction had occurred because he heard Sohm ask Morud about the quality of the cocaine. It is significant that Pronovost did not abandon his involvement at that point but instead drove Morud back to Pronovost's house. In viewing the evidence most favorable to the verdict and the reasonable inferences which may be drawn therefrom, we believe the evidence is sufficient to support the jury's verdict of guilty.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.