James N. Purdy, State's Atty., Ellendale, for plaintiff and appellee.

Stephen M. McLean, Oakes, for defendant and appellant; submitted on brief.

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Terry NEUROHR, Defendant and Appellant.**

**Cr. No. 1100.**

Supreme Court of North Dakota.

Nov. 21, 1985.

LEVINE, Justice.

This is an appeal from a judgment of conviction for delivery of a controlled substance. We hold that the trial court did not err in failing to instruct the jury that a prosecution witness was an accomplice as a matter of law. We also hold there was sufficient corroborative evidence to sustain the verdict. We therefore affirm the judgment.

On February 19, 1984, Larry Kadoun and Margaret Fiala encountered Kadoun's cousin Norman Hurt, Jr. Kadoun inquired if Hurt was on drugs, to which he replied "No, but I know where I can get some." Soon thereafter the three happened upon the appellant Terry Neurohr. Hurt and Neurohr conversed and then Neurohr allegedly gave Kadoun a small amount of marijuana which Kadoun later gave to Hurt. Three days later marijuana was seized

from Hurt by his school principal. Hurt testified this was the same marijuana he had obtained from Neurohr via Kadoun three days earlier. Neurohr was convicted of delivering a controlled substance in violation of North Dakota Century Code § 19–03.1–23.

Prior to giving the case to the jury, the trial judge, the state's attorney and Neurohr's counsel discussed the proposed jury instructions. Neurohr's counsel had submitted a proposed accomplice instruction copied verbatim from NDJI 1300 (1970). The trial judge agreed to give this requested instruction and Neurohr of course did not object although the State did.

The instruction stated that a defendant cannot be convicted upon an accomplice's testimony unless there is other corroborating evidence tending to connect the defendant with the commission of the offense. See NDCC § 29–21–14. The instruction left to the jury to decide whether a prosecution witness was an accomplice.

Neurohr now argues that the trial court erred in giving the very instruction which Neurohr himself requested. Neurohr claims that the jury should have been instructed that Hurt, as a matter of law, was his accomplice.

 However, even were it prejudicial error to give the accomplice instruction, Neurohr cannot now complain of error which he invited upon the court by submitting this instruction. State v. Sheldon, 301 N.W.2d 604 (N.D.1980), cert. denied, 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981).

Neurohr further contends that there was insufficient evidence corroborating Hurt's testimony to sustain his conviction. Pursuant to NDCC § 29–21–14, a defendant cannot be convicted upon an accomplice's testimony unless it is corroborated by other evidence tending to connect the defendant with the commission of the offense. Here, even assuming that Hurt's testimony needed corroboration because he was Neurohr's accomplice,[1] and looking only to the evidence most favorable to the verdict, State v. Thompson, 359 N.W.2d 374 (N.D.1985), we conclude there was sufficient corroborating evidence to sustain the verdict.

 All that § 29–21–14 requires is that the evidence, circumstantial or otherwise, corroborates the testimony of an accomplice as to some material fact that tends to connect the defendant with the commission of the crime. State v. Thorson, 264 N.W.2d 441 (N.D.1978). Not all elements of the offense need be corroborated. The weight of the corroborating evidence is for the jury. It is only when there is no such evidence should a guilty verdict be reversed. State v. Anderson, 172 N.W.2d 597, 599 (N.D.1969).

 Hurt testified that the marijuana he received from Kadoun was the same marijuana that Neurohr had given Kadoun earlier that day. Hurt testified that he later rolled the marijuana into nine white cigarettes that were confiscated by his school principal.

Kadoun and Fiala also testified that Kadoun received marijuana from Neurohr and gave it to Hurt. They stated that Hurt obtained white cigarette rolling paper that same day. The school principal testified that the marijuana he found on Hurt was rolled in white cigarette paper.

The evidence, although circumstantial, corroborates Hurt's testimony and tends to connect Neurohr with delivering the marijuana to Kadoun on February 19, 1984. That is all that is required. See, e.g., Thorson, supra; State v. Smith, 238 N.W.2d 662 (N.D.1976).

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

1. Hurt was charged with attempt to deliver a controlled substance, a felony, and granted immunity in return for testifying against Neurohr.