2016 ND 39

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Bryan REDDIG, Defendant and Appellant.**

No. 20150224.

Supreme Court of North Dakota.

Feb. 18, 2016.

Alexander J. Stock, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶1] Bryan Reddig appeals after a jury found him guilty of conspiracy to deliver a controlled substance. He argues the district court should have granted his motion for a judgment of acquittal. He also argues the district court should not have admitted into evidence the chemist's analytical report and should have instructed the jury that testimony of an accomplice must be corroborated. We affirm the judgment of the district court, concluding the case was properly submitted to the jury, the jury was properly instructed, and the court did not err by admitting into evidence a certified copy of the chemical analyst's report.

I

[¶2] In January 2014, Bismarck police officers obtained a search warrant for a residence occupied by Jeff Bauer, Tim Walleen, and Aaron Burkhart. Previous investigations had led the officers to believe the residence was being used for drug transactions. Bauer, Walleen, and Burkhart all testified that on the day the warrant was executed, Reddig arrived at the residence to sell them nearly two pounds of marijuana. Bauer testified Reddig usually drove a maroon SUV and Reddig left the residence after the transaction was complete.

[¶3] While the drug transaction was taking place, Detective Jerry Stein was watching the residence. He testified he observed a dark-colored SUV leave the residence approximately thirty minutes before the search warrant was executed. Because he was on surveillance, Detective Stein bent down when the SUV drove past him to prevent the driver's seeing him. He testified this also prevented him from seeing the driver, but he remembers the vehicle being a dark-colored SUV. Shortly thereafter, Bismarck police officers executed the search warrant on the residence and found multiple drugs and drug paraphernalia. Bauer, Walleen, Burkhart, and one other individual were present in the house. All three men informed police that

Reddig was their source for the drugs and that he had left 30 to 45 minutes before the police arrived to execute the warrant. Detective Mike Bolme searched the men's cell phones, which revealed text messages between the men suggesting a drug transaction was taking place and a man named "Brian" or "B Dog" was the source for the drugs. Reddig was charged with conspiracy to deliver a controlled substance. Bauer, Walleen, and Burkhart were charged as Reddig's co-conspirators.

[¶ 4] After Reddig was formally charged, lab analyst Dan Radulovich generated an analytical report confirming the substance Reddig allegedly sold the three men was more than 500 grams of marijuana. This report was provided to Reddig on February 6, 2015, approximately four months before trial. A certified copy of the report, however, was not given to Reddig until April 6, 2015, approximately 57 days before trial.

[¶ 5] At trial, Bauer, Walleen, and Burkhart all testified Reddig was their source for the drugs in this particular transaction. At the end of the State's case, and at the close of Reddig's case, Reddig moved for a judgment of acquittal under Rule 29, N.D.R.Crim.P. The district court denied the motion both times it was offered. The court did not give a jury instruction requiring corroboration of the testimony of an accomplice. Reddig did not request that such an instruction be given, nor did he object when the court failed to do so.

[¶ 6] The jury found Reddig guilty, and he was sentenced to fifteen years' incarceration.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06. This appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-28-06.

## II

[¶ 8] On appeal, Reddig argues that because the testimony of Bauer, Walleen, and Burkhart was not corroborated, there was insufficient evidence to support his conviction. He further argues the district court erred by failing to instruct the jury that testimony of an accomplice must be corroborated. He argues this error denied him a fair trial. Although Bauer, Walleen, and Burkhart were charged as co-conspirators, the State conceded, under the facts of the case, the three men were also accomplices. Therefore, assuming that Bauer, Walleen, and Burkhart were accomplices, we conclude there was sufficient evidence corroborative of their testimony.

[¶ 9] Under N.D.C.C. § 29-21-14:

A conviction cannot be had upon the testimony of an accomplice unless the accomplice is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

[¶ 10] Reddig asserts the only evidence tying him to the alleged drug transaction in this case was the testimony of Bauer, Walleen, and Burkhart. He claims that because they were all shown to be untruthful and to have poor character, their testimony alone was insufficient to convict him. He also argues the judge's failure to instruct the jury that such corroboration is required resulted in an unfair trial. Because Reddig never requested such an instruction, the State argues he failed to raise this issue in the district court and cannot now argue that corroboration of the testimony was necessary. The State also argues the testimony was corroborated in many different ways and there was sufficient evidence to support the conviction.

■ [¶ 11] "The purpose of corroborative evidence is to show that a testifying accomplice is a reliable witness and worthy of credit." *State v. Gaede*, 2007 ND 125, ¶ 11, 736 N.W.2d 418 (quoting *State v. Zimmerman*, 524 N.W.2d 111, 114 (N.D. 1994)).

[¶ 12] In *State v. Haugen*, 448 N.W.2d 191, 194–95 (N.D.1989) (citations omitted), this Court discussed the type of evidence necessary for corroboration:

> [U]nder Section 29–21–14 it is not necessary to corroborate every fact testified to by an accomplice. All that is required is that the evidence, circumstantial or otherwise, corroborate the testimony of an accomplice as to some material fact or facts, and tends to connect the defendant with the commission of the crime. It is not necessary that the corroborating evidence be sufficient, in itself, to warrant a conviction or establish a prima facie case. Furthermore, the State need not point to a single isolated fact which is sufficient corroboration, as it is the combined and cumulative weight of the evidence other than the testimony of the accomplice witness which satisfies the statute. In cases involving the use of corroborative evidence, it is incumbent upon the trial court to first determine, as a matter of law, whether or not there is any evidence corroborating the testimony of the accomplice, and only after the court has found such corroborative evidence is it allowed to leave the question of the sufficiency of the corroborative evidence to the jury.
>
> . . . .
>
> . . . "The corroboration [of an accomplice's testimony] need not directly link the accused to the crime." Rather, corroboration merely requires that there be evidence *"tending to connect the defendant with the offense committed."* In-

deed, the language of Section 29–21–14 requires only corroborative evidence which "tends to connect" a defendant with the commission of an offense.

[¶ 13] In *State v. Kelley*, 450 N.W.2d 729, 730–31 (N.D.1990), the defendant specifically requested a jury instruction under N.D.C.C. § 29–21–14 regarding corroboration of accomplice testimony. There was disparate testimony from different individuals regarding a shooting, and the district court refused to give the defendant's requested corroboration instruction. *Id.* We held that an accomplice instruction was not required, and even if it was, any error in failing to give the instruction was harmless. *Id.* at 732–34. We concluded that because there was sufficient corroborating evidence tending to connect the defendant with the commission of the murder, a corroborating instruction would not have had a significant impact on the verdict. *Id.*

■ [¶ 14] Here, even assuming without deciding that the trial court erred by not giving a corroboration instruction, the conviction should nonetheless be affirmed because the failure to give it under the facts of this case would be harmless error. "If the trial error is one of constitutional magnitude, we must determine whether or not the error was harmless beyond a reasonable doubt by considering the probable effect of the error in light of all the evidence." *Kelley*, 450 N.W.2d at 732 (citing *State v. Smuda*, 419 N.W.2d 166, 168 (N.D.1988)). "If, however, the error is nonconstitutional, our task is to determine whether or not the error had a significant impact upon the verdict, but we do not have to find that the error was harmless beyond a reasonable doubt." *Id.* (citing *State v. Thiel*, 411 N.W.2d 66, 70 (N.D.1987)). The alleged error in this case is derived from statute and is not of constitutional magnitude. *See State v. Brunette*, 28 N.D. 539, 150 N.W. 271, 276 (1914)

("[I]n the absence of a statute it is not necessary to a conviction that the testimony of the complainant should be corroborated by other evidence."). *See also* 29A Am. Jur. 2d Evidence § 1408 ("At common law, it is well settled that the testimony of an accomplice, although entirely without corroboration, will support a verdict of conviction of one accused of crime. . . . The common-law rule is changed in many jurisdictions by statutes expressly declaring that the uncorroborated testimony of an accomplice cannot sustain a conviction."). We therefore apply the significant impact standard, concluding there was sufficient evidence corroborative of Bauer's, Walleen's, and Burkhart's testimony.

[¶ 15] At trial, Walleen and Burkhart both testified they set up the drug transaction with Reddig roughly one month prior to its execution. Reddig himself corroborated this meeting in his own testimony. Bauer, Walleen, and Burkhart all testified the police officers executed their search warrant approximately thirty minutes after Reddig left the residence. Bauer testified he had known Reddig for many years. He also testified Reddig drove a maroon SUV, which was corroborated by Detective Stein, who testified he saw a dark-colored SUV leave the residence around thirty minutes prior to the execution of the search warrant.

[¶ 16] A search of Bauer's, Walleen's, and Burkhart's cell phones further corroborated their testimony. Detective Bolme testified his search of Bauer's phone yielded text messages which were consistent with Walleen's and Burkhart's stories that a marijuana transaction was taking place, and he could tell from the cell phones that Bauer's source in his cell phone went by both "Brian" and "B Dog." This information corroborated Bauer's testimony that Reddig was listed in his cell phone as "B Dog," and it corroborated all three accomplices' testimony that Reddig was the person who sold them the marijuana on the day of the transaction.

[¶ 17] On the basis of this testimony, the district court found there was sufficient evidence to submit to a jury, and it denied Reddig's motion for a judgment of acquittal. Specifically, the court stated:

The motion will be denied. I do believe that there is sufficient evidence to go to a jury in this matter. I think there's significant arguments that can be made by the defense as you've outlined in all of the argument you've made outside the presence of jury, but it would go to the weight and character of the testimony. And in this case, the Court believes this is a matter that can be and should be submitted to the jury for consideration. So the motion is denied.

The jury was instructed to "consider all the facts and circumstances in evidence to determine which of the witnesses, if any, are worthy of belief."

[¶ 18] Here it does not appear Reddig is completely denying the existence of any corroborating evidence but rather is attempting to discredit the truthfulness and sufficiency of the evidence presented. The existence of corroborating evidence is a question of law, but whether evidence is sufficient to corroborate the accomplice's testimony is a question for the jury. *State v. Hogie*, 454 N.W.2d 501, 503 (N.D.1990). "If independent evidence tends to connect a defendant to the crime, it is for the jury to weigh the evidence with the accomplice's testimony and decide the guilt or innocence of the defendant." *State v. Falconer*, 2007 ND 89, ¶ 22, 732 N.W.2d 703. Although there is no other particular piece of direct evidence that Reddig was the source for this drug transaction, the combined and cumulative effect of all the evidence tends to connect Reddig to the transaction and corroborates the accom-

plices' testimony. The district court did not err, therefore, in denying Reddig's motion for a judgment of acquittal. We conclude that because there was sufficient evidence corroborative of Bauer's, Walleen's, and Burkhart's testimony, a corroborating instruction would not have had a significant impact on the verdict. Therefore, the error of the district court, if any, in failing to give a corroboration instruction was harmless under the rationale of *Kelley*.

### III

■ [¶ 19]   Reddig also argues the district court erred by admitting into evidence a certified copy of the chemist's analytical report. He claims a certified copy of the lab analyst's report was not provided to him at least 60 days prior to trial as required by Rule 707 of the Rules of Evidence. Because the State failed to provide this report, he argues, they were required to have the lab analyst testify at trial. The State argues it did provide Reddig a copy of the report well before the 60–day time limit, but the *certified* copy was not provided until 57 days before trial. The State argues the copy and certified copy of the report were identical in their contents, and the first copy provided to Reddig was sufficient to put him on notice of the report and to comply with Rule 707.

■ [¶ 20]   Under N.D.R.Ev. 707:
(a) If the prosecution intends to introduce an analytical report ... in a criminal trial, it must notify the defendant or the defendant's attorney in writing of its intent to introduce the report and must also serve a copy of the report on the defendant or the defendant's attorney at least 60 days before the date set for the trial.
(b) At least 45 days before the date set for the trial, the defendant may object in writing to the introduction of the report.... If objection is made, the prose-

cutor must produce the person requested....

. . . .

(d) If the defendant does not timely object to the introduction of the report, the defendant's right to confront the person who prepared the report is waived.

The language of N.D.R.Ev. 707 is clear. The State must serve a copy of the analytical report on the defense at least 60 days prior to trial because the report reciting the analyst's findings is a testimonial statement. *See Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). The rule has no requirement, however, that the report be certified at the time it is served on the defendant. After it is served, the defense then has time to object to the introduction of the report and must do so in writing within 45 days prior to trial. N.D.R.Ev. 707(b). The rule is clear that if the defendant fails to timely object to the introduction of the report, his right to confront the person who prepared it is waived. N.D.R.Ev. 707(d).

[¶ 21]   Here Reddig was given a signed copy of the analyst's report nearly four months before trial. This copy contained the analyst's testimonial statements concluding the substance Reddig sold his accomplices was marijuana. He was put on notice of who the lab analyst was and what his testimonial statements would be. There is nothing in the record indicating Reddig ever filed a written objection to the admission of this report. Because of this, the district court stated, "And the Court concludes and does find that the State has complied with Rule 707 under the circumstances and we'll proceed under that understanding." Because Reddig was put on sufficient notice of the analytical report and its contents, and because he never objected to the introduction of the report,

the district court did not err in admitting the analytical report into evidence.

## IV

[¶ 22] Because there was sufficient evidence to corroborate the testimony in this case, and because Reddig was put on sufficient notice of the chemist's analytical report, we affirm the criminal judgment.

[¶ 23] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER and LISA FAIR McEVERS, JJ., concur.

DANIEL J. CROTHERS, J., concurs in the result.