# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 235

State of North Dakota,                                        Plaintiff and Appellee

  v.

Joshua James Roberts,                                    Defendant and Appellant

### No. 20210161

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Carmell F. Mattison, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Joshua Roberts appeals from a judgment finding him guilty of conspiracy to deliver a controlled substance, fentanyl. Roberts argues there was insufficient evidence to corroborate the testimony of an accomplice and the jury should have received an instruction regarding the State's burden to provide corroboration of an accomplice's testimony. We conclude the State provided sufficient evidence to corroborate the testimony of the accomplice, and any error in failing to provide a jury instruction was harmless. We affirm.

I

[¶2]   John Doe overdosed on August 2, 2020 after ingesting pills containing fentanyl. At the scene of the overdose, law enforcement found a "Swisher Sweet" packet with a red wrapper inside that said "Loon." The packet contained a partial pill identified by an officer as an "M30" pill. After conducting several interviews, law enforcement believed an apartment at 1808 Continental Drive was the location where John Doe obtained the pills. Joshua Roberts resided at the apartment.

[¶3]   Law enforcement reviewed surveillance footage taken outside the apartment on August 2, the date of the overdose. The surveillance video showed John Doe arrive at the apartment around 12:30 p.m. after being dropped off by Jane Doe. Jane Doe returned later that day, John Doe and Roberts went downstairs to Jane Doe's vehicle, and all three went back into Roberts' apartment after 3:00 p.m. John Doe and Jane Doe left the apartment at about 4:06 p.m. The overdose occurred at another location later the same day. Roberts was positively identified by law enforcement as one of the people in the surveillance video.

[¶4]   Josia Roberts, Roberts' sister, testified that she went to Roberts' apartment on August 2. She stated John Doe and Jane Doe were at the apartment, and she had not previously met John Doe or Jane Doe. She stated Roberts "vouched" for John Doe and Jane Doe, and Roberts asked her for two

pills to give to John Doe. She gave Roberts the pills in a red "Loon" packet, and in exchange Jane Doe gave Josia Roberts money.

[¶5] Jane Doe testified that she brought John Doe to the Continental Drive apartment on August 2, and she later joined John Doe and Roberts in the apartment. She stated Roberts and his sister, Josia Roberts, were at the apartment. She said John Doe received pills that were blue and had an "M" and "30" inscribed on them, were wrapped in a "Swisher Sweet" wrapper, and were the pills he overdosed on later that day. John Doe testified that he did not remember anything from Roberts' apartment, but assumed he got the pills there. Roberts testified and acknowledged that John Doe was at his apartment on August 2.

[¶6] The jury found Roberts guilty of conspiracy to deliver a controlled substance, fentanyl. Roberts appealed, challenging the sufficiency of the required corroboration of Josia Roberts' accomplice testimony, and asserting it was an error not to provide the jury with an instruction regarding corroboration of accomplice testimony.

II

[¶7] Roberts argues there is no evidence supporting his conviction other than the testimony of Josia Roberts, her testimony was "accomplice testimony," and there was insufficient evidence to corroborate the accomplice testimony. Section 29-21-14, N.D.C.C., sets forth the requirement for corroboration of an accomplice's testimony. Section 29-21-14 reads as follows:

> A conviction cannot be had upon the testimony of an accomplice unless the accomplice is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

[¶8] We have held "that any amount of corroboration will be sufficient to give the case to the jury to determine the sufficiency of the corroboration" and satisfy the requirements of N.D.C.C. § 29-21-14. *State v. Lind*, 322 N.W.2d 826,

842 (N.D. 1982) (citing *State v. Thorson*, 264 N.W.2d 441, 445 (N.D. 1978)). In *State v. Reddig*, this Court noted the following:

> [U]nder Section 29-21-14 it is not necessary to corroborate every fact testified to by an accomplice. All that is required is that the evidence, circumstantial or otherwise, corroborate the testimony of an accomplice as to some material fact or facts, and tends to connect the defendant with the commission of the crime. It is not necessary that the corroborating evidence be sufficient, in itself, to warrant a conviction or establish a prima facie case. Furthermore, the State need not point to a single isolated fact which is sufficient corroboration, as it is the combined and cumulative weight of the evidence other than the testimony of the accomplice witness which satisfies the statute. In cases involving the use of corroborative evidence, it is incumbent upon the trial court to first determine, as a matter of law, whether or not there is any evidence corroborating the testimony of the accomplice, and only after the court has found such corroborative evidence is it allowed to leave the question of the sufficiency of the corroborative evidence to the jury.
>
> . . . .
>
> . . . "The corroboration [of an accomplice's testimony] need not directly link the accused to the crime." Rather, corroboration merely requires that there be evidence "*tending to connect the defendant with the offense committed.*" Indeed, the language of Section 29-21-14 requires only corroborative evidence which "tends to connect" a defendant with the commission of an offense.

2016 ND 39, ¶ 12, 876 N.W.2d 34 (quoting *State v. Haugen*, 448 N.W.2d 191, 194-95 (N.D. 1989)).

[¶9]    The record in this case contains sufficient corroborating evidence to satisfy N.D.C.C. § 29-21-14. Law enforcement officers testified the surveillance video captured John Doe and Jane Doe arrive at the apartment building where Josia Roberts, John Doe, and Jane Doe all stated the drug transaction took place. The surveillance video captured Roberts walking into the apartment with John Doe and Jane Doe. Josia Roberts and Jane Doe testified about the red "Swisher Sweet" and "Loon" pill packet, which matched the pill packet found by the officers at the scene of the overdose. Jane Doe testified about John

3

Doe showing her the pills at Roberts' apartment inscribed with the letter "M" and number "30," and these were the pills John Doe overdosed on later that day. Roberts acknowledged that John Doe was at his apartment. It is not necessary that the corroborating evidence alone be sufficient to warrant a conviction or establish a prima facie case. The combined and cumulative weight of the evidence presented at trial tends to connect Roberts with the crime and was sufficient to satisfy the corroboration requirement under N.D.C.C. § 29-21-14.

## III

[¶10] Roberts argues that whether there was corroboration of the accomplice testimony was a fact to be decided by the jury, and the jury should have been provided with an instruction on the necessity of corroboration. Roberts did not object to the lack of instruction or offer an instruction at trial.

[¶11] "To preserve an issue concerning jury instructions for review, a defendant must request an instruction as required by N.D.R.Crim.P. 30(a) or object to an instruction as required by N.D.R.Crim.P. 30(c)." *State v. Mertz*, 2012 ND 145, ¶ 9, 818 N.W.2d 782 (citing N.D.R.Crim.P. 30(d)(1)). This Court has previously considered the lack of a jury instruction regarding the requirement for corroboration where the defendant did not offer an instruction or object to the lack of an instruction. *Reddig*, 2016 ND 39. In *Reddig* this Court, assuming without deciding whether the lack of an instruction was an error, determined any potential error was harmless. *Id.* at ¶ 14. In *Reddig*, we noted:

> If the trial error is one of constitutional magnitude, we must determine whether or not the error was harmless beyond a reasonable doubt by considering the probable effect of the error in light of all the evidence." *Kelley*, 450 N.W.2d at 732 (citing *State v. Smuda*, 419 N.W.2d 166, 168 (N.D.1988)). "If, however, the error is nonconstitutional, our task is to determine whether or not the error had a significant impact upon the verdict, but we do not have to find that the error was harmless beyond a reasonable doubt." *Id.* (citing *State v. Thiel*, 411 N.W.2d 66, 70 (N.D.1987)). The alleged error in this case is derived from statute and is not of

constitutional magnitude. *See State v. Brunette*, 28 N.D. 539, 150 N.W. 271, 276 (1914) ("[I]n the absence of a statute it is not necessary to a conviction that the testimony of the complainant should be corroborated by other evidence."). *See also* 29A Am. Jur. 2d Evidence § 1408 ("At common law, it is well settled that the testimony of an accomplice, although entirely without corroboration, will support a verdict of conviction of one accused of crime.... The common-law rule is changed in many jurisdictions by statutes expressly declaring that the uncorroborated testimony of an accomplice cannot sustain a conviction.").

*Reddig*, at ¶ 14.

[¶12] In *State v. Kelley*, 450 N.W.2d 729, 730-31 (N.D. 1990), the defendant requested a corroboration instruction. No instruction was given. *Id*. at 731. This Court determined it was harmless error because the record contained sufficient corroborating evidence and any instruction would not have had significant impact on the verdict. *Id*. at 732-33. In *Reddig*, this Court concluded that under the rationale of *Kelley*, because there was sufficient evidence corroborating the accomplice testimony, a corroborating instruction would not have had significant impact on the verdict and any error was harmless. *Reddig*, 2016 ND 39, ¶ 18. We find no material differences between this case and our decisions in *Kelley* and *Reddig*. We conclude any error associated with the lack of a jury instruction on the need to corroborate accomplice testimony was harmless.

IV

[¶13] Sufficient evidence was presented to the jury to corroborate the accomplice testimony as required by N.D.C.C. § 29-21-14. Any error created by

the lack of a jury instruction on the need for corroboration of an accomplice's testimony was harmless. We affirm the judgment.

[¶14] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte