STATE OF NORTH DAKOTA, Respondent, v. FRED SCHAS-KER, Appellant.

(235 N. W. 345.)

Opinion filed February 18, 1931.

*Charles M. Dunn,* and *Jacobsen & Murray,* for appellant.

*James Morris,* Attorney General and *Paul W. Boehm,* State's Attorney, for respondent.

BURKE, J. This is an appeal from a judgment of conviction from an order denying defendant's motion in arrest of judgment, and from an order denying defendant's motion for a new trial.

At the January, 1930, term of the district court of Adams county, the defendant, Fred Schasker, was brought to trial on an information charging him with grand larceny. The testimony was taken, the jury was instructed and retired for a consideration of the evidence, and immediately thereafter, the court adjourned until 9 o'clock the following morning. The record shows that on the next morning, the following proceedings were had, viz.:

"At 9:30 A. M., January 30th, 1930, court having been previously called to order, the bailiff informed the court that the jury would like to have some of the testimony read to them, the court thereupon ordered that the bailiff conduct the jury, into court.

"The jury was brought into court and on roll call all members of the jury were present.

"By the court: Have you agreed upon a verdict, members of the jury?

"The jury: No, sir.

"By the court: Is there anything the court can help you out on?

"The jury: The main difficulty seems to be as to the brands that Mr. Clement testified to while on the witness stand, that is the part we would like to have explained to us. There is some misunderstand-

ing as to what Mr. Clement testified to and we would like to have that part of the testimony read with reference to brands if it is possible.

"By the court: Very well, we will have the court reporter read that part of the testimony to you.

.   .   .   .   .   .   .   .   .   .   .   .   .

"The court reporter then read the following testimony, part of the direct examination of the witness, William Clement. The cross-examination was not read. When the last question and answer herein was read by the reporter the jury informed the court that was enough, that they had the desired information. The jury thereupon retired for further deliberation."

The court stenographer read to the jury from his notes, the testimony in chief of the witness William Clement, which testimony when transcribed made ten pages in typewriting in the record. It is conceded, that this proceeding was had in the absence of the defendant and his attorney. The defendant was in jail at the time, and neither he nor his attorney had any knowledge of the proceeding. This action on the part of the court is assigned as error, and it is error.

Section 13 of the Constitution provides: "In criminal prosecution in any court whatever, the party accused shall have the right . . . to appear and defend in person and with counsel."

Section 10,709, Comp. Laws 1913, provides: "If the information or indictment is for a felony the defendant must be personally present."

Section 10,771, Comp. Laws 1913, provides: "If the information or indictment is for a felony, the defendant must be personally present at the trial."

The defendant had the constitutional right to be present and defend in person and with counsel during the whole of the trial.

The proceeding complained of was a part of the trial. The jury was in the box. The judge was upon the bench, and ordered the court stenographer to read the testimony of a witness, to which the jury listened and after retiring returned the verdict of "guilty." It was a plain violation of the statute, and of the constitutional rights of the defendant.

Our attention has been called to the case of State v. Thomson, 56 N. D. 716, 219 N. W. 218. In that case the defendant waived his right to be present at the rendition of the verdict of the jury by his

voluntary absence, but in the instant case the defendant was in jail and did not waive any rights.

The judgment is reversed and a new trial ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BIRDZELL, JJ., concur.