STATE of North Dakota, Plaintiff
and Appellee,

v.

Richard Allen SMUDA, Defendant
and Appellant.

Crim. No. 870135.

Supreme Court of North Dakota.

Feb. 1, 1988.

Melody R.J. Jensen, Asst. State's Atty., Fargo, for plaintiff and appellee.

Gackle, Johnson & Rodenburg, Fargo, for defendant and appellant; argued by Bruce D. Johnson, Fargo.

LEVINE, Justice.

Richard Smuda appeals from a judgment of conviction, entered upon a jury verdict finding him guilty of gross sexual imposition. We affirm.

The victim testified that she agreed to ride with Smuda, a friend whom she had known for more than a year, from Fargo to visit Smuda's relatives at a farm near Buffalo. They arrived at the farm late in the evening, and, finding no one there, decided

to drive to another farm a short distance away. As they were driving on a rural dirt road, Smuda stopped the car to smoke a cigarette. He then removed a knife from the glove compartment and told the victim to remove her clothes, which she did. While still holding the knife, Smuda then told her to perform fellatio, which she also did. Thereafter, Smuda drove the victim back to her apartment in Fargo.

The victim reported the incident to the police, and Smuda was charged with gross sexual imposition in violation of Section 12.1–20–03(1)(a), N.D.C.C.:

> "1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:
>
> "a. He compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being; ..."

During its deliberations, the jury submitted a note to the court asking, "Could we have the legal definition of force?" The court met with the prosecutor and Smuda's counsel out of the presence of the jury to determine an appropriate response to the jurors' request. Smuda was not present at this conference but his attorney[1] approved the following response, which was submitted in the form of a written note delivered by the bailiff to the jury:

> "The Court cannot define 'force'. See instruction on 'Common knowledge' at bottom of page 4 and top of page 5 of instructions."

The trial court was apparently unaware, and neither attorney brought it to the court's attention, that for purposes of Title 12.1, N.D.C.C., the term "force" is defined under Section 12.1–01–04(11), N.D.C.C., to mean "physical action."

■■■ On appeal Smuda first argues that the trial court committed obvious error when it responded to the jurors' request for information without bringing the jury into the courtroom and without having Smuda present.

Rule 43(a) of the North Dakota Rules of Criminal Procedure states that "the defendant must be present ... at every stage of the trial...."

Section 29–22–05, N.D.C.C., specifically addresses the procedure to be followed when the jurors request information during their deliberations:

> "After the jurors have retired for deliberation, if they desire to be informed on a point of law arising in the cause, or to have any testimony about which they are in doubt or disagreement read to them, they, upon their request, must be conducted into the courtroom by the officer who has them in custody. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the state's attorney and the defendant or his counsel, or after they have been called."

We have construed the foregoing provision as requiring that all communications with the jurors, after a case has been submitted to them, must be made in the presence of the defendant. *State v. Hatch*, 346 N.W.2d 268 (N.D.1984); *State v. Klein*, 200 N.W.2d 288 (N.D.1972). In *Klein, supra*, we stated:

> "After a case has been submitted to the jury, the only proper forum for communication between the jury and the judge is in open court, where a proper record may be made of any conversation had. Any such communication should be made in the presence of the entire jury panel, counsel for both sides, and, in a criminal prosecution, in the presence of the defendant." *State v. Klein*, 200 N.W.2d at 292.

We conclude, therefore, that the trial court erred by responding to the jurors' request in the defendant's absence and by not calling the jury into open court.

Smuda's attorney had the opportunity but failed to object to the trial court's procedure in responding to the jurors' request. The failure to object operates as a waiver of the issue on appeal, but the error may provide a basis for reversal if it consti-

---

1. Smuda is represented by different counsel on appeal than at trial.

tutes obvious error affecting substantial rights of the defendant. *State v. Thiel,* 411 N.W.2d 66 (N.D.1987); *State v. Johnson,* 379 N.W.2d 291 (N.D.1986). Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice. *State v. Miller,* 388 N.W.2d 522 (N.D.1986).

If the trial error is one of constitutional magnitude, we must determine whether the error was harmless beyond a reasonable doubt by considering the probable effect of the error in light of all the evidence. *State v. Janda,* 397 N.W.2d 59 (N.D.1986). If, however, the error is nonconstitutional, our task is to determine whether the error had a significant impact upon the verdict, but we do not have to find that the error was harmless beyond a reasonable doubt. *State v. Thiel,* 411 N.W.2d 66 (N.D.1987).

In addition to asserting that his right to be present at the proceedings, pursuant to Rule 43, N.D.R.Crim.P., and Section 29–22–05, N.D.C.C., was violated by the trial court, Smuda also asserts that his constitutional right to appear and defend in person, under Article I, Section 12 of the North Dakota Constitution, was violated. To support his assertion, Smuda cites *State v. Schasker,* 60 N.D. 462, 235 N.W. 345 (1931), in which this court held that the defendant's constitutional rights were violated when the trial court called the jury from deliberations back into the courtroom, in the absence of and without notice to either the defendant or his attorney, to have the court reporter read portions of the testimony which were requested by the jury. The unanimous court, speaking through Justice Burke, concluded:

"The defendant had the constitutional right to be present and defend in person and with counsel during the whole of the trial.

"The proceeding complained of was a part of the trial. The jury was in the box. The judge was upon the bench, and ordered the court stenographer to read the testimony of a witness, to which the jury listened and after retiring returned the verdict of 'guilty.' It was a plain violation of the statute, and of the constitutional rights of the defendant." *State v. Schasker,* 235 N.W. at 346.

■ Following our holding in *Schasker, supra,* we conclude that Smuda had a constitutional right, under our state constitution, to be present in person during the proceedings involving the jury request and court response thereto and that right was violated. We further conclude, however, that this error was harmless beyond a reasonable doubt.

The circumstances in this case are vastly different from those in *Schasker, supra.* In this case the trial court, upon receiving the jurors' request, immediately notified the prosecutor and Smuda's counsel. The court discussed the request with counsel, and Smuda's attorney approved the trial court's response to the jury request. In our view it is unreasonable to conclude that Smuda's personal presence could have or would have affected these proceedings or the result. This would be a different case if there had been an open court communication between the judge and the jury without Smuda's personal presence. In that event, Smuda's constitutional confrontation rights would have been implicated and his absence may very well have resulted in prejudice to him. *Compare Kentucky v. Stincer,* —— U.S. ——, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). In this case, where the judge communicated with the jury through written message transmitted by the bailiff and defense counsel was given full opportunity to participate in the communication process, we hold that the error was harmless beyond a reasonable doubt.

■ Smuda also asserts that reversible error occurred when the trial court failed to submit the definition of "force" under Section 12.1–01–04(11), N.D.C.C., to the jury when it specifically requested a definition of that term. We agree that the jury should have been given the statutory definition to consider during its deliberations. However, Smuda's attorney did not object to the failure to submit the definition, but fully approved the court's response to the jury request in which no definition was provided. Consequently, the issue was

waived, and our inquiry is limited to determining whether the error constituted obvious error affecting substantial rights of the defendant. *State v. Thiel,* 411 N.W.2d 66 (N.D.1987). Although the court should have given an instruction defining the term "force," the error in failing to do so is not of constitutional magnitude. *State v. Johnson,* 379 N.W.2d 291 (N.D.1986); *see also State v. Motsko,* 261 N.W.2d 860 (N.D. 1977). Thus, we must determine whether the error had a significant impact upon the verdict, but we do not have to find that the error was harmless beyond a reasonable doubt. *State v. Thiel, supra.*

Smuda's defense was that the incident did not occur. However, we believe that there was substantial evidence to support the conviction. Gross sexual imposition is committed when the victim is compelled to engage in a sexual act either "by force or by threat of ... serious bodily injury." There is substantial evidence that Smuda compelled the victim to engage in oral sex by "threat of ... serious bodily injury" by grabbing a knife from the glove compartment and holding it in view while making sexual demands of the victim.

The evidence clearly supports the verdict on the basis of "threat," making unnecessary any finding of the use of force. We are unconvinced that a different verdict might have resulted if the jury had been instructed that the term "force" means physical action. We hold that the error in responding to the jurors' request did not constitute obvious error affecting Smuda's substantial rights.

Accordingly, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.