2000 ND 143

**Eric Alan HILL, Petitioner and Appellee,**

v.

**STATE of North Dakota, Respondent and Appellant.**

**No. 20000018.**

Supreme Court of North Dakota.

July 20, 2000.

Rehearing Denied Aug. 18, 2000.

Leslie Johnson Aldrich, Johnson Law Office, Fargo, for petitioner and appellee.

Mark R. Boening, Assistant State's Attorney, Fargo, for respondent and appellant.

KAPSNER, Justice.

[¶ 1] The State appealed from a district court's memorandum opinion and order, entered during post-conviction relief proceedings, granting a new trial to Eric Hill. We hold the district court's grant of a new trial is appealable. We further hold the district court did not clearly err in finding Hill's right to be present at a proceeding during deliberations when trial testimony was read to the jury was violated and the violation was not harmless beyond a reasonable doubt. We therefore affirm.

I

[¶ 2] In February 1998, Hill went on trial for two counts of gross sexual imposition and one count of terrorizing. During deliberations, several communications occurred between the jury and the trial court and between the trial court and counsel.

[¶ 3] The trial court received a jury request to "get a copy of the transcript" and held a discussion with counsel for both parties. The court inquired into Hill's absence:

THE COURT: ... Is the Defendant with you?

TRIAL COUNSEL: No.

THE COURT: Well, I'm going to leave it up to you.

TRIAL COUNSEL: That's okay. Go ahead.

The court proposed telling the jury it could have witnesses' testimony read but it would have to indicate whose testimony and which portions of such testimony it wanted to hear. Counsel for both parties agreed to the court's proposal. The court expressed concern about Hill's absence:

THE COURT: ... Are you waiving any appearance on this?

TRIAL COUNSEL: I am.

THE COURT: ... [Y]ou don't see the need to have your client present when I do this?

TRIAL COUNSEL: No.

THE COURT: Okay. We're going to do it, then.

The court called the jury into the courtroom and informed it of the manner in which it could request the reading of testimony.

[¶ 4] After receiving a jury request to have a portion of a witness's testimony read, the court met with counsel for both parties. The court indicated Hill was

present. Both counsel agreed to the testimony which would be read. The jury was called in, and the testimony was read.

[¶ 5] The court later received several more requests to have testimony read. The court met with counsel for both parties. Unlike it had in the previous meetings, the court did not indicate whether Hill was present. Both counsel agreed to the testimony which would be read to satisfy some of the jury's requests. The jury was called in, and the testimony was read. The court indicated it would continue working on the jury's remaining requests.

[¶ 6] The following morning, the court and counsel for both parties met to discuss the jury's remaining requests. The court indicated it wanted the parties to reach a stipulation regarding the requests and expressed concern regarding Hill's absence. Hill's trial counsel indicated Hill was in the courthouse but apparently did not bring him in to the meeting. Counsel for the State indicated he would prefer the entire testimony of a witness be read rather than portions of a witness's testimony. The court proposed returning the jury's remaining requests and giving the jury "a caution" that it should first attempt to rely on its own recollection and, if that was not sufficient, the entire testimony of a witness would be read. Both counsel agreed to the court's proposal. The court accordingly "caution[ed]" the jury.

[¶ 7] The jury subsequently convicted Hill. Hill unsuccessfully appealed his conviction. *See State v. Hill,* 1999 ND 26, 590 N.W.2d 187.

[¶ 8] In July 1999, Hill petitioned the district court for post-conviction relief. In a supporting affidavit, Hill asserted his trial counsel, without his knowledge, waived his right to be present when testimony was read and he had wanted to be present when testimony was read. Shortly after submitting his petition, Hill successfully demanded a change of judge.

[¶ 9] An evidentiary hearing was held on November 24, 1999. Hill indicated he had not waived his right to be present when testimony was read and he was not present at the final reading. Hill's trial counsel testified he waived Hill's right to be present at the final reading despite knowing Hill "wanted to be there all the time." At the end of the hearing, the district court directed the parties to brief the issue of whether the violation of Hill's right to be present when testimony was read was harmless beyond a reasonable doubt.

[¶ 10] In its brief, the State asserted "[Petitioner's trial counsel] waived the petitioner's presence from the courtroom which [sic] testimony was read aloud to the jury. The petitioner has not directed this Court's attention to any manner in which he was prejudiced by his absence."

[¶ 11] The district court filed a memorandum opinion and order on January 7, 2000, granting Hill a new trial. The court emphasized Hill's trial counsel conceded Hill wanted to be present when testimony was read and he had improperly waived Hill's right to be present. Finding the "trial court had open communications with the jury without the petitioner being present," the court concluded Hill's constitutional rights had been violated and it "cannot find the error to be harmless." The State appealed.

## II

[¶ 12] Hill argues the district court's memorandum opinion and order granting a new trial is not appealable. Under N.D.C.C. § 29–32.1–14, "[a] final judgment entered under this chapter [the Uniform Post–Conviction Procedure Act] may be reviewed by the supreme court of this state upon appeal filed ... by the state." Although N.D.C.C. § 29–32–07 previously provided that certain orders entered under the Uniform Post–Conviction Procedure Act were equivalent to a final judgment, "[t]he current law governing post-conviction procedure does not contain a provision which provides that certain orders are equivalent to a final judgment." *Kaiser v. State,* 417 N.W.2d 175, 177 (N.D.

1987). We have explained, however, "statutes conferring the right to appeal must be liberally construed, and that in determining appealability it is not the label which controls but, rather, the effect." *Id.* (citation omitted) (concluding the district court's order denying a petition for post-conviction relief was intended to have the effect of a final judgment).

[¶ 13] The effect of an order granting a new trial compels holding it is a final judgment. No further post-conviction relief proceedings will occur after an order granting a new trial is issued. Rather, a new criminal trial will result. An order granting a new trial therefore is "a final judgment entered under [the Uniform Post–Conviction Procedure Act]" and is appealable under N.D.C.C. § 29–32.1–14. *Compare* the instant case where a new trial was granted, *with Gibson v. State,* 1998 ND 89, ¶ 5, 578 N.W.2d 128, where the district court denied a petitioner's post-conviction relief request for transcripts and we held the court's denial of the request was a nonappealable interlocutory order.

[¶ 14] We have held the grant of a new trial in a civil case is unappealable absent N.D.R.Civ.P. 54(b) certification. *Ceartin v. Ochs,* 479 N.W.2d 863 (N.D. 1992). We have further held post-conviction relief proceedings are civil in nature. *Bell v. State,* 1998 ND 35, ¶ 10, 575 N.W.2d 211. However, because the grant of a new trial in a post-conviction relief proceeding results in a new criminal proceeding, it is distinguishable from the grant of a new trial in a civil proceeding which results in a new civil proceeding.

[¶ 15] Based on the foregoing, we conclude an order granting a new trial to a post-conviction relief petitioner is appealable.

III

[¶ 16] The State contends the district court clearly erred in finding a violation of Hill's right to be present when testimony was read to the jury. Under N.D. Const. Art. 1, § 12, "[i]n criminal prosecutions in any court whatever, the party accused shall have the right ... to appear and defend in person and with counsel." A defendant thus has a right to be present at all proceedings "during the whole of the trial." *City of Mandan v. Baer,* 1998 ND 101, ¶¶ 8–9, 578 N.W.2d 559 (noting the right to be present has its roots in the Sixth Amendment of the federal constitution).[1] When testimony is read to the jury, the defendant has the right to be present. *State v. Schasker,* 60 N.D. 462, 235 N.W. 345, 346 (1931). Hill's absence was not caused by disruptive or unruly behavior which may be the basis for forfeiture of the right to be present. *Baer,* at ¶ 9.

[¶ 17] A court's findings of fact in post-conviction relief proceedings will not be disturbed unless clearly erroneous. *DeCoteau v. State,* 2000 ND 44, ¶ 10, 608 N.W.2d 240. A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. *Id.*

[¶ 18] Here, there is evidence to support the district court's finding Hill's right to be present was violated. During the post-conviction relief hearing, Hill indicated he had not waived his right to be present when testimony was read to the jury and he had not been present at the final reading. Hill's trial counsel testified he had waived Hill's right to be present at the final reading despite knowing Hill had not authorized him to do so. Hill's trial counsel waived Hill's presence at the discussion with the trial court where the jury's re-

---

1. Rule 43(a), N.D.R.Crim.P., and N.D.C.C. § 29–22–05 also involve a defendant's right to be present during proceedings.

quest for a copy of the transcript was considered and at the following proceeding where the trial court informed the jury of the manner in which requests for reading testimony could be made. Hill's trial counsel also apparently did not ensure Hill was present at the meeting with the trial court when the remaining requests were considered. During the final reading, the trial court addressed only counsel and did not indicate whether Hill was present. Finally, the State, in its brief to the district court, indicated Hill was not present during the final reading, stating "[Petitioner's trial counsel] waived the petitioner's presence from the courtroom which [sic] testimony was read aloud to the jury." We accordingly conclude the district court did not clearly err in finding a violation of Hill's right to be present at the final reading.

IV

[¶ 19] The State asserts the district court erred in finding the violation of Hill's right to be present was not harmless. In direct appeals, the State, to uphold a conviction, must show the violation of a defendant's right to be present is harmless beyond a reasonable doubt. *City of Mandan v. Baer*, 1998 ND 101, ¶¶ 10, 19–20, 578 N.W.2d 559 (citing *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh'g denied*, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967)). In meeting its burden, the State may not rely on mere speculation or rationalization. *Id.* at ¶ 20. When the violation of the defendant's right to be present consists of a written jury request and a court's written response to rely upon its recollection and there is "no possibility of prejudice to [the defendant] from these communications," the State may easily meet its burden. *State v. Ash*, 526 N.W.2d 473, 481 (N.D. 1995) (concluding written communications between the jury and the trial court which resulted in the court directing the jury to rely upon its recollection and the jury receiving items such as an exhibit list and the final jury instructions were harmless

beyond a reasonable doubt). However, when the violation involves an open court communication between the court and the jury, such as the reading of testimony, the State may have more difficulty meeting its burden. *See State v. Smuda*, 419 N.W.2d 166, 168 (N.D.1988) (involving a violation consisting of a jury note requesting the definition of a word and the court's note indicating it could not define the word and explaining "[t]his would be a different case if there had been an open court communication between the judge and the jury without [the defendant's] personal presence").

[¶ 20] A few jurisdictions, however, have distinguished post-conviction relief proceedings from direct appeals, sometimes placing a less onerous burden on the State in the former. *Brecht v. Abrahamson*, 507 U.S. 619, 630–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (distinguishing *Chapman* because *Chapman* reached the Court on direct review and the case before it reached the Court on habeas review). Reasoning "a presumption of finality and legality attaches to the conviction and sentence" after the direct review process is completed, such jurisdictions have indicated a conviction may be upheld where a constitutional violation did not have a substantial and injurious effect or influence in determining the jury's verdict. *Brecht*, at 633, 113 S.Ct. 1710.

[¶ 21] In *Hegler v. Borg*, 50 F.3d 1472 (9th Cir.), *cert. denied*, 516 U.S. 1029, 116 S.Ct. 675, 133 L.Ed.2d 524 (1995), a habeas corpus petitioner claimed a violation of his right to be present when testimony was read to the jury. The court acknowledged there was a violation but indicated "any mistake or lapse that may have tainted the jury's decision is capable of being quantified and assessed in an evidentiary hearing." *Id.* at 1477. In applying a less onerous burden and holding the violation did not have a substantial and injurious effect or influence in determining the jury's verdict, the court emphasized "[t]he evidentiary hearing conducted by the dis-

trict court [at which the court reporter and four jurors testified] established that the court reporter read the testimony without inappropriate inflection or comment, and that the substance of the readback was not materially different from the witness's testimony at trial." *Id.* at 1475, 1478.

[¶ 22] Our own precedent establishes "[t]he explicit purpose of the Uniform Post–Conviction Procedure Act is to provide a method to develop a complete record to challenge a criminal conviction." *Wilson v. State,* 1999 ND 222, ¶ 13, 603 N.W.2d 47. We have indicated an ineffective assistance of counsel claim may be more effectively raised in a post-conviction relief petition rather than on direct appeal since "[a] post-conviction proceeding affords an opportunity to establish a record below for review." *Id.* at ¶ 9 (citation omitted).

[¶ 23] Like an ineffective assistance of counsel claim, a violation of the right to be present claim may require an evidentiary hearing to assess the effect of the violation. At a hearing, testimony could determine whether the court reporter's reading of testimony was prejudicial or whether the substance of the reading was materially the same as the actual testimony. *Hegler,* at 1475, 1478. There may be other evidence regarding the effect of a defendant's absence on the proceedings. Because a violation of the right to be present claim may be better suited for a post-conviction relief proceeding rather than a direct appeal, we hold the standard applied in *City of Mandan v. Baer* should not be modified. To uphold a conviction in a post-conviction relief proceeding, the State must show a violation of the defendant's right to be present is harmless beyond a reasonable doubt. *See City of Mandan v. Baer,* 1998 ND 101, ¶¶ 10, 19–20, 578 N.W.2d 559.

[¶ 24] Here, the State has failed to meet its burden to show the violation of Hill's right was harmless beyond a reasonable doubt. At the evidentiary hearing, the State did not attempt to call any witnesses and only Hill and his trial counsel testified.

In its brief to the district court, the State asserted "[t]he petitioner has not directed this Court's attention to any manner in which he was prejudiced by his absence." In its brief to this Court, the State alleged it was "Hill's burden to establish the prejudice" and "there are no facts in the record supporting the conclusory determination that 'this violation cannot be found to be harmless.'" Because the State erroneously tried to place the burden on Hill to show prejudice and has not demonstrated to the district court or this Court that Hill was not prejudiced, we conclude the district court did not clearly err in determining the violation of Hill's right was not harmless beyond a reasonable doubt.

V

[¶ 25] Because the district court did not clearly err in determining Hill's right to be present when testimony was read to the jury was violated and the violation was not harmless beyond a reasonable doubt, we affirm the district court's grant of a new trial.

[¶ 26] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.