# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 9

State of North Dakota,                                    Plaintiff and Appellee

v.

Steven Charles Rademacher,                          Defendant and Appellant

## Nos. 20220126, 20220127 & 20220128

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee; submitted on brief.

Scott O. Diamond, Fargo, ND, for defendant and appellant; submitted on brief.

**State v. Rademacher**
**Nos. 20220126, 20220127 & 20220128**

**Crothers, Justice.**

[¶1]   Steven Rademacher appeals from criminal judgments after a jury found him guilty of murder, attempted murder and terrorizing. Rademacher argues the district court erred in conducting a portion of the jury trial outside of his presence. He also argues this Court should amend N.D.R.Crim.P. 43 because it is internally contradictory. We affirm.

I

[¶2]   On July 29, 2019, a vehicle driven by Rademacher struck three people. Rademacher was charged with one count of murder, two counts of attempted murder, and three counts of terrorizing. At trial Rademacher conceded that the incident occurred, and that three individuals were struck by his vehicle. The issue for the jury was whether Rademacher had the requisite intent for the charged crimes. Rademacher claims the district court violated his right to be present during trial on two occasions—prior to jury deliberations and after the jury started deliberations. On December 3, 2021, the jury found Rademacher guilty of murder, attempted murder and terrorizing. Rademacher timely appealed.

II

[¶3]   Rademacher argues the district court improperly removed him from the courtroom prior to jury deliberations and he was not present for jury instructions and closing arguments.

[¶4]   A defendant has a right to be present in the courtroom at every stage of trial. N.D.R.Crim.P. 43(a)(1)(B). We have explained the scope of North Dakota's Rule requiring a defendant's presence at trial, and the constitutional underpinning of the presence requirement:

> "The presence requirement has its roots in the Confrontation Clause of the Sixth Amendment. *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353, reh'g denied, 398 U.S.

1

915, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970). The Sixth Amendment provides that: 'In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him. . . .' U.S. Const. amend. VI. This constitutional guarantee was made obligatory on the states through the Fourteenth Amendment. *Allen*, 397 U.S. at 338, 90 S.Ct. at 1058 (citing *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). We have a similar guarantee in our State Constitution: 'In criminal prosecutions in any court whatever, the party accused shall have the right . . . to appear and defend in person. . . .' N.D. Const. art. I, § 12.

"North Dakota has long recognized the constitutional right of a defendant to be personally present during the whole of a trial. *State v. Schasker*, 60 N.D. 462, 235 N.W. 345 (N.D. 1931) (calling in jury after retirement and allowing court stenographer to read evidence from notes in absence of defendant in a felony prosecution was a plain violation of defendant's constitutional rights under the North Dakota Constitution Article I, section 12 (previously, N.D. Const. Art. I, § 13)). The right is not absolute, and may be affirmatively waived by the defendant. *See, e.g.,* Rule 43(c)(2), N.D.R.Crim.P. (permitting absence with the written consent of the defendant for pleas of guilty for misdemeanor offenses). *Cf. State v. Ash*, 526 N.W.2d 473, 481 (N.D. 1995) (concluding trial court erred in responding to jury communications without the defendant being present, but the error was harmless considering, in part, defense counsel's repeated waiver of defendant's right of presence). The right, too, may be lost by a defendant's unruly and disruptive behavior. *Allen*, 397 U.S. 337, 90 S.Ct. 1057.

"When the constitutional right of presence is violated, it is subject to the harmless error standard for constitutional errors— 'harmless beyond a reasonable doubt.' *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, reh'g denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967) (holding a reviewing court must declare error harmless beyond a reasonable doubt before a federal constitutional error can be held harmless). *See also Ash*, 526 N.W.2d at 481; *State v. Hatch*, 346 N.W.2d 268, 278 (N.D. 1984) (stating error is harmless 'where it can be determined beyond a reasonable doubt that the substantial rights of the defendant are not affected. . . .').

"In addition to the constitutional guarantee, Rule 43(a) of the North Dakota Rules of Criminal Procedure requires the presence of the defendant 'at every stage of the trial including the impaneling of the jury. . . .' Our North Dakota Rule is fashioned after the similarly-worded Federal Rule 43. *Compare* F.R.Crim.P. 43, *with* N.D.R.Crim.P. 43. The presence requirement embodied in Federal Rule 43 has been interpreted as being broader than the constitutional right. *United States v. Alessandrello,* 637 F.2d 131, 138 (3d Cir. 1980), *cert. denied*, 451 U.S. 949, 101 S.Ct. 2031, 68 L.Ed.2d 334 (1981) (reasoning Federal Rule 43 is broader than the constitutional right because it 'embodies the right to be present derived from the Sixth Amendment Confrontation Clause, the Due Process Clause of the Fifth and Fourteenth Amendments, and the common law privilege of presence'). Despite the purported breadth of Rule 43, it, too, is subject to express limitation. *See, e.g.,* F.R.Crim.P. 43(b), (c); N.D.R.Crim.P. 43(b), (c) (noting certain instances where the defendant's presence is not required).

"Although Rule 43 is contained in our procedural rules, our past decisions view its violation in light of the constitutional requirements. *See, e.g., Ash,* 526 N.W.2d at 481 (concluding error of communicating with jury outside of defendant's presence was harmless beyond a reasonable doubt); *State v. Smuda*, 419 N.W.2d 166, 168 (N.D. 1988) (noting presence requirement of Rule 43, N.D.R.Crim.P., but concluding defendant's right was violated under the North Dakota Constitution and violation was harmless beyond a reasonable doubt); *Hatch,* 346 N.W.2d at 278 (noting recent adoption of Rule 43, N.D.R.Crim.P., and concluding trial court violated Rule 43 by communicating with jury outside presence of defendant and counsel but violation was disregarded under constitutional standard for harmless error)."

*City of Mandan v. Baer*, 1998 ND 101, ¶¶ 8-12, 578 N.W.2d 599.

[¶5] Here, the first question is whether Rademacher was absent during "trial." The parties did not cite to a case, and we have not found one, where North Dakota generally defines which proceedings constitute "trial" under N.D.R.Crim.P. 43. However, we have decided cases identifying particular court proceedings that are part of trial requiring the defendant's presence. *See, e.g., Smuda*, 419 N.W.2d 166 (N.D. 1988) (communications between the court and

3

jury); *Hatch*, 346 N.W.2d 268 (N.D. 1984) (communications between the court and jury); *Baer*, 1998 ND 101 (jury selection); *State v. Curtis*, 2009 ND 34, 763 N.W.2d 443 (return of verdict); *Hill v. State*, 2000 ND 143, 615 N.W.2d 135 (testimony being read to the jury).

[¶6] We also take guidance from another context where we have held a defendant's public trial right is not violated when the defendant or the public is not present during "discussions about routine administrative" matters that do not involve resolution of disputed facts, "but instead involve logistical, procedural and housekeeping matters" as well as rulings on evidence and objections. *State v. Pendleton*, 2022 ND 149, ¶¶ 8, 13, 978 N.W.2d 641.

[¶7] We take further guidance from another jurisdiction describing the proceedings constituting "trial" under their statutes requiring that a defendant be present:

> "'The defendant in a felony case *shall be present . . . at every stage of the trial* including the impaneling of the jury and the return of the verdict . . . except as otherwise provided by law.' (Emphasis added.) Harrison claims the note-passing moment in the jury room was a 'stage of the trial' requiring his presence.
>
> "In *State v. Killings*, 301 Kan. 214, 241, 340 P.3d 1186 (2015), the court explained what constitutes a 'stage of trial' triggering the statutory directive for defendant's presence. The court said:
>
>> '*A felony defendant must be present at any stage of the trial when the jury is in the courtroom or when the defendant's presence is essential to a fair and just determination of a substantial issue.* The statutory command . . . is analytically and functionally identical to the requirements under the Confrontation Clause and the Due Process Clause of the federal Constitution that a criminal defendant be present at any critical stage of the proceedings against him or her.' (Emphasis added.)
>
> *See also State v. McDaniel,* 306 Kan. 595, 601, 395 P.3d 429 (2017) (stating the right to be present under K.S.A. 2019 Supp. 22-3405(a)

'extends to "any stage of the criminal proceeding that is *critical to its outcome if the defendant's presence would contribute to the fairness of the procedure.*"' (Emphasis added.)"

*State v. Harrison*, 467 P.3d 477, 481 (Kan. 2020).

[¶8]   Rademacher contends he was not present during closing arguments or final jury instruction. He acknowledges he has the burden of showing a violation of his rights occurred. *See L.C. v. R.P.*, 1997 ND 96, ¶ 18, 563 N.W.2d 799 ("On appeal, the appellant bears the burden of showing error."). Rademacher claims, and we agree, closing arguments and instructing the jury are stages of the criminal proceeding critical to its outcome so that his presence was required.

[¶9]   Rademacher did not object to any alleged removal during the trial nor did his attorney object to conducting any proceedings in his client's absence. "When a defendant fails to object to a district court's procedure, we review that procedure for obvious error under N.D.R.Crim.P. 52(b)." *State v. Kruckenberg*, 2008 ND 212, ¶ 13, 758 N.W.2d 427. To establish obvious error, the defendant must demonstrate: (1) an error, (2) that was plain, and (3) affected his substantial rights. *Id*. at ¶ 15.

[¶10] Rademacher's sole support for the argument he was absent from the courtroom is a statement by the judge made after closing arguments and final jury instructions that "[t]he defendant has been taken back to the jail." Rademacher argues the judge's statement is in the past tense, meaning he was absent when the statement was made. Rademacher argues because it is unclear exactly when he was removed from the courtroom, we must conclude he was not in the courtroom before the jury was excused to deliberate.

[¶11] The trial transcript does not indicate precisely when Rademacher was removed from the courtroom. However, the record shows he was present when court reconvened for final jury instructions and closing arguments on the last day of trial. The attorneys made closing arguments immediately after the judge read the initial final instructions. The district court did not recess between instructions and arguments. The State gave its closing first, followed by the

5

defendant. No recess was taken between the State's and the defendant's closing. Rademacher's attorney made closing argument from the counsel table, where he said, "The issue for you folks to consider is whether or not this man right here intended to kill Dustin[sic] Bastian." Later during rebuttal closing the State addressed the defense's use of the passive-voice during closing. The State argued, "Now, ladies and gentlemen there is a trick of the English language called passive voice. You notice, 'Mr. Bastian got killed.'" "Mr. Bastian was killed by that man right over there." The State's reference to "that man right over there" was directed at Rademacher.

[¶12] Immediately after closing arguments, the transcript shows the district court provided the jury with concluding final instructions. Again, the court proceeded from arguments to the final instructions without a recess. The jury was released to deliberate immediately after receiving the concluding instructions, and the court and counsel remained in the courtroom to gather exhibits admitted during trial. The following discussion occurred:

> "The Court: All right. Be seated. And the jury has been taken back to the jury room, I'll ask the attorneys to get together, make sure all of the exhibits that have been received are accumulated to be brought into the jury room. And as far as the recordings and CDs and the thumb drives, there'll be no need to take those back there. If they wish to have anything played, it'll be played in court.
>
> The Court: So anything else, Attorney Madden?
>
> Mr. Madden: No, Your Honor. Thank you.
>
> The Court: Attorney Mottinger?
>
> Mr. Mottinger: No, sir.
>
> The Court: Okay. You want to take care of putting together the exhibits then, or making sure that they're together so they can be taken in. Okay.
>
> (COUNSEL CONFER)

The Court: I'll be asking on the record after it's all accumulated if it's so done.

Mr. Madden: We will do that.

The Court: Okay.

(COUNSEL AND STAFF CONFER)

(COURT AND STAFF CONFER)

(COUNSEL CONFER)

The Court: Okay. I don't think I've closed actually the record. I think we've been on the record the whole time while you've been assembling the exhibits, but I will note that Attorney Mottinger is here. The defendant has been taken back to the jail. Attorney Madden is here, and Attorney Preusse for the State. You're going through, and with the exception of Exhibit 121—and, by the way, do you need—Attorney Mottinger, do you need to look at the folder that contains the instructions I gave you?

Mr. Mottinger: No, sir."

[¶13] From the context provided by the transcript, no evidence supports Rademacher's allegation he was removed from the courtroom during trial. Rather, the record shows Rademacher was present when the proceedings resumed after a brief recess, and during closing arguments. No breaks or recesses were taken between initial instructions, closing arguments, and the reading of final jury instructions. Therefore, everything available in the record suggests Rademacher was present for these proceedings and nothing shows he was not. Rademacher has not met his burden of showing the district court erred by denying his right to be present during jury instruction and closing arguments.

III

[¶14] Rademacher argues the district court violated his right to be present at trial when he was removed from the courtroom after the jury was excused for

7

deliberations. Temporally, this claim starts when the prior claim ended—after the district court noted "The defendant has been taken back to the jail."

[¶15] Rademacher's claim involves two activities occurring in the courtroom: (1) review of the folder with jury instructions being sent to the jury room; and (2) the handling of trial exhibits. No objection was raised by Rademacher's attorney to handling these activities when Rademacher was not personally present; therefore, we review each claim for obvious error. *Kruckenberg*, 2008 ND 212, ¶ 13.

## A

[¶16] Rademacher alleges the district court erred by not having him present when it asked whether the defense wanted to review the folder containing jury instructions that was being sent to the jury room. Rademacher argues, "although his defense attorney did not want to review it, it is entirely possible that Mr. Rademacher would have wanted to do so." Rademacher points to no facts but instead surmises, "Such a review could have uncovered some sort of previously unnoticed error in the assembling of the instructions, but Mr. Rademacher was denied that opportunity."

[¶17] Rademacher's burden on appeal is to establish the district court erred. *L.C.,* 1997 ND 96, ¶ 18. He has not done so, and instead only suggests he might have wanted to review the file, and if he chose to review the file, he might have caught some unspecified and unnamed error. This assignment of error by Rademacher's argument is inadequate for us to proceed to the next inquiry whether the review of a jury instruction folder is part of trial requiring his presence.

## B

[¶18] Rademacher claims the district court erred by not having him present for counsels' discussion of trial exhibits. That discussion included consideration whether three large exhibits should stay in the courtroom or go to the jury room, and what to do about a missing trial exhibit.

[¶19] Rademacher claims the district court erred in not having him present during the discussion and decision about missing Exhibit 121. Exhibit 121 was a drawing of the crime scene Rademacher made during a police interview. The original exhibit was lost, and counsel and the court discussed whether the jury should be given a copy.

[¶20] Rademacher argues on appeal that counsel "and the trial court also discussed exhibit # 121, essentially deciding the resolution of the matter, before allowing Mr. Rademacher to return to the proceeding." He also claimed he "should have been present when the issue was discovered, discussed and decided, rather than brought back afterwards and informed of the trial court's decision."

[¶21] The transcript shows Rademacher was brought back into the courtroom for much of the conversation regarding Exhibit 121, the decision to use a copy, and handling the three large exhibits.

> "The Court: All right. That's what I'll do then. All right. Then, aside from again, 121, are you—do you agree that we have the record to take back to the jury, that is the instructions and the exhibits with exception of 121?
>
> Mr. Madden: Yes, Your Honor.
>
> The Court: Okay. All right. So what are we going to do about Exhibit 121? I have a faint recollection of what that is, but maybe a more distinct statement of what Exhibit 121 that can't be found is, Attorney Madden.
>
> Mr. Madden: Well, Your Honor, I was going to ask Attorney Mottinger what his thoughts were. This is probably going to need Mr. Horvath—or not Mr. Horvath, Mr. Rademacher in here for this. I know that the defense knows what it is, and we could probably make another copy of it if need be. We all know what it is.
>
> The Court: Okay.
>
> Mr. Mottinger: Do you have a copy of it somewhere, Nathan?

Mr. Madden: I have the original upon which it is based. Yes.

The Court: Might that work, Attorney Mottinger?

Mr. Mottinger: As far as I'm concerned, it would work.

The Court: Okay.

Mr. Madden: I just don't know if that's something—I think we might want to have the defendant in here to make sure that we're all on the same page so it doesn't come back and causes problems later.

The Court: What do you think, Attorney Mottinger?

Mr. Mottinger: I tend to agree with Mr. Madden in light of—

The Court: Okay. Well, get him here right away.

Mr. Madden: All right.

The Court: In the meantime, I'm taking a little break and then I'm coming back in. Okay.

(RECESS)

The Court: Open the record in *State v. Rademacher*. The numbers will be set out. And the jury is not—we're in courtroom 101. The jury is not here. The attorneys have been assembling or putting together, making sure that we had all the exhibits to be taken back to the jury in the jury room along with the instructions. And Attorney—or Mr. Rademacher had been taken back to jail, but he's again in court with his attorney, Attorney Mottinger, and Attorney Preusse and Madden are for the State."

This portion of the transcript shows Rademacher was brought back to the courtroom with his lawyer for the discussion about whether to substitute a copy of Exhibit 121 for the lost original. The transcript subsequently shows he was present when his lawyer agreed to use the substitute exhibit. Contrary to

10

his assertion, Rademacher was present for the discussion and decision, and was not "brought back afterwards and informed of the trial court's decision."

[¶22] Regarding the large exhibits, Rademacher makes only a bare argument that his absence was a violation. He cites no authority, and he makes no contention the decision about how to handle these exhibits was anything but an administrative housekeeping matter. Moreover, Rademacher is factually wrong in claiming he was not present for the discussion and decision.

[¶23] The transcript shows Rademacher was present in the courtroom when the court revisited how the large exhibits would be handled. Immediately following the agreement on Exhibit 121, the transcript shows the following discussion occurred with Rademacher present:

> "The Court: Okay. And still not quite done. Just make sure—are the parties in agreement that the large exhibits, that would be the board, the tire, and the slide, can remain in the courtroom. The bailiffs can inform the jurors if they want to see those, they can be brought back to them. State—defense?
>
> Mr. Mottinger: That's fine.
>
> Mr. Madden: Yes, Your Honor. Exhibit number 1, the vehicle tire, Exhibit 2, the sandbox side portion, and Exhibit 3, the red plastic slide, that would make sense."

[¶24] Rademacher has not shown the district court erred in conducting a portion of the trial without him present. Instead, the record shows he was present for the discussion and decision how exhibits would be handled. Therefore, Rademacher's argument failed to establish he was excluded from the proceedings, making it unnecessary for us to proceed to the next inquiry whether the discussions and decisions about trial exhibits were a part of trial requiring his presence.

## IV

[¶25] Rademacher argues this Court should amend N.D.R.Crim.P. 43 due to what he describes as contradictions between N.D.R.Crim.P. 43(b)(3) and 43(a)(1)(B).

[¶26] Requesting within an appellant brief that a procedural rule be amended is improper. Under N.D.R.Proc.R. § 3.1, "Any person interested in the adoption, amendment, or repeal of a procedural rule, administrative rule, or administrative order, may file with the Clerk of the Supreme Court a petition to adopt, amend, or repeal a procedural rule, administrative rule, or administrative order." Rademacher can petition under N.D.R.Proc.R. § 3.1 to request an amendment of N.D.R.Crim.P. 43, and we decline to circumvent that process in an adjudicative decision.

## V

[¶27] We affirm the criminal judgments.

[¶28] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte